[Civ. No. 27354. Second Dist., Div. One. Aug. 21, 1963.]

GAIL BLOCK, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; P. T. SHAVER, Real Party in Interest.

Irving H. Green for Petitioner.

Harold W. Kennedy, County Counsel, and Donald K. Byrne, Deputy County Counsel, for Respondent.

Wyman, Finell & Rothman and Charles L. Fonarow for Real Party in Interest.

THE COURT—Petitioner seeks prohibition to restrain the superior court from enforcing its order requiring the physical examination of Michael Block, a minor. It appears that the examination is within the scope of the statutory proceedings for perpetuation of testimony.

■ Real party in interest, P. T. Shaver, filed in respondent court a "Petition to Perpetuate Testimony and Petition to Require Physical Examination" of said minor, in which he alleges: That an automobile accident occurred on December 5, 1962, involving said minor and a vehicle owned by Shaver; that said minor "has made claim against [Shaver]

and his representatives for personal injuries arising out of said accident''; that he expects to be a defendant in a personal injury action in which the adverse party will be said minor ''on the theory of negligence attributable to [Shaver] by reason of the operation of his vehicle''; that he is unable to bring or cause said action to be brought; that the facts which he desires to establish by the proposed testimony ''are the true extent and nature of the injuries, if any, sustained by the said MICHAEL BLOCK, in the aforesaid accident of December 5, 1962.'' It is further alleged: ''Petitioner's reasons for desiring to perpetuate the proposed testimony are that the said MICHAEL BLOCK, a Minor, or his parents on his behalf, did engage the services of an attorney (namely Irving Green) immediately following the said accident and began receiving substantial medical treatment and that the attorney representing the said MICHAEL BLOCK has refused to furnish your petitioner or his representatives with any information concerning the nature and extent of the said MICHAEL BLOCK's injuries and has refused to permit him to be examined by a medical representative of your petitioner; that your petitioner is informed and believes and therefore alleges that the said MICHAEL BLOCK and those acting on his behalf have intentionally delayed the filing of his action for personal injuries against your petitioner so as to permit a longer period of time to elapse before your petitioner can obtain a deposition and medical examination in order to establish rebuttal evidence concerning the need of said Michael Block for an extended period of medical treatment; that petitioner is informed and believes and therefore alleges that the said MICHAEL BLOCK sustained minimal injury as a result of the aforesaid accident and that further medical treatment at the present time is unnecessary and unrelated to the aforesaid accident; that the perpetuation of the testimony of the said MICHAEL BLOCK and a medical examination at this time will prevent a failure or delay of justice in that petitioner will have an opportunity to verify or disprove at an early date through such testimony and medical examination the extent of the said MICHAEL BLOCK's injuries and the necessity for his receiving further treatment.'' An affidavit of counsel for real party in interest alleges that ''he is one of the attorneys engaged by P. T. SHAVER to represent his interests in connection with the matter referred to herein''; that this matter involves an accident which occurred on December 5, 1962, when a vehicle

owned by Shaver and being operated by an employee of Shaver in the course of his employment collided with the person of Michael Block who had walked or run into the street; that Mr. Shaver's representatives on behalf of the affiant's office have investigated this accident in detail; that the said minor was four years of age at the time of the accident and "purportedly sustained a skull fracture and other injuries as a result of the accident; that shortly after the accident the BLOCK family retained the services of Attorney Irving Green to represent them in connection with this matter; that although Mr. SHAVER's representatives have on numerous occasions contacted Attorney Green in an effort to obtain medical information and a physical examination of Master MICHAEL BLOCK they have been continuously refused such information by Mr. Green and have been refused the opportunity to have a physical examination of Master MICHAEL BLOCK by a physician of Mr. SHAVER's choosing; that affiant is informed and believes, and therefore alleges that Attorney Green intends in the future to file a lawsuit on behalf of the BLOCK family against Mr. SHAVER for personal injuries to MICHAEL BLOCK by reason of the alleged negligence on the part of petitioner SHAVER and his employee. That affiant's office will be representing petitioner SHAVER in defense of any such lawsuit; that affiant does not know how long attorney Green will wait before filing said lawsuit and in light of the tender age of claimant MICHAEL BLOCK it is conceivable that Attorney Green might wait several years before filing said lawsuit. That in order adequately to prepare for said lawsuit affiant requires an opportunity to have Master MICHAEL BLOCK examined by an expert physician of affiant's choosing at the present time, which is a reasonable time after the accident; that affiant feels his defensive position would be grossly prejudiced by being forced to wait several more months or perhaps years before being given an opportunity to have such examination; that affiant also requires an oral examination of Master BLOCK if he is presently physically able to submit to same, since the facts of the accident are now undoubtedly still fresh in his mind whereas they will not be months or even years from now.''

An order was sought authorizing the taking of the oral deposition of the minor for the purpose of perpetuating his testimony, and an order requiring the minor to appear before a physician of real party's choice for the purpose of submitting ''to an external physical examination, the taking of

X-rays, and if required by the examining doctor, to permit a withdrawal of a blood sample from one of his extremities, and to submit a sample of urine.''

Following the hearing on April 15, 1963, the respondent court made this order: ''The Court being satisfied that requiring a physical examination of MICHAEL BLOCK at this time may prevent the failure or delay of justice, and good cause appearing therefor, IT IS ORDERED: That the petition herein be and the same hereby is granted and MICHAEL BLOCK is ordered to appear on April 30, 1963 at 9:00 o'clock A.M. at the office of BEN FREES, M.D., 629 South Westlake Avenue, Los Angeles, California, and then and there to submit to an external physical examination and the taking of X-rays.'' The order further authorized the mother of said minor to appear and remain with the minor during the examination. No order was made concerning the deposition.

The within petition was filed by Gail Block, as the mother and natural guardian of the minor.[1] It is alleged herein that the court's order is in violation of law and in excess of its jurisdiction and authority. Three contentions are made: (1) That section 2017 of the Code of Civil Procedure is designed only to perpetuate testimony and is not to be used for discovery; (2) that there was no showing before respondent court sufficient for it to find a substantial ''failure or delay of justice,'' that the only showing made ''was the passage of three months and very few days from the time of the collision and the filing of the Petition''; (3) that a court has no authority to grant the taking of a physical examination, under section 2017, unless it be in conjunction with the taking of a deposition.

It is not claimed by real party in interest, nor could it be, that the order can be sustained under section 2032.[2] This section does not authorize a physical examination prior to the filing of an action,—it specifically provides for an order for the physical examination ''of a *party*, or of an agent or a person in the custody or under the legal control of a *party*,'' by the ''court *in which the action is pending*.''[3] (Italics

---

[1]Hereinafter petitioner in the proceeding below, P. T. Shaver, will be referred to as ''real party in interest,'' and the minor as the ''petitioner.''

[2]All references are to the Code of Civil Procedure unless otherwise specified.

[3]Section 2032, subdivision (a), provides: ''In an action in which the mental or physical condition or the blood relationship of a party, or of an agent or a person in the custody or under the legal control of a party, is in controversy, the court in which the action is pending may order the

474

added.) ▮▮▮ The only authorization for preaction proceedings under the new rules for depositions and discovery, is section 2017, and it is under this section that real party in interest has proceeded.

Section 2017, subdivision (a) (1) provides: "A person who desires to perpetuate his own testimony or that of another person regarding any matter that may be cognizable in any court of this State may file a verified petition in the superior court in the county of the residence of any expected adverse party.

"The petition shall be entitled in the name of the petitioner and shall show: (i) that the petitioner expects to be a party to an action cognizable in a court of this State but is presently unable to bring it or cause it to be brought, (ii) the subject matter of the expected action and his interest therein, (iii) the facts which he desires to establish by the proposed testimony and his reasons for desiring to perpetuate it, (iv) the names or a description of the persons he expects will be adverse parties and their addresses so far as known, and (v) the names and addresses of the persons to be examined and the substance of the testimony which he expects to elicit from each, and shall ask for an order authorizing the petitioner to take the depositions of the persons to be examined named in the petition, for the purpose of perpetuating their testimony."

Subdivision (3) of said section contains this provision: "If the court is satisfied that the perpetuation of the testimony may prevent a failure or delay of justice, it shall make an order designating or describing the persons whose depositions may be taken and specifying the subject matter of the examination and whether the depositions shall be taken upon oral examination or written interrogatories. The court may make such order as may be just, requiring the petitioner to furnish, at his expense, a copy of any such depositions to any expected adverse party, or for the payment to the deponent or to an expected adverse party of such taxable costs as would be allowable to a prevailing party after the trial of an action. The depositions may then be taken in accordance with the provisions of this code relating to depositions taken after the

---

party to submit to a physical or mental or blood examination by a physician or to produce for such examination his agent or the person in his custody or legal control. The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.''

commencement of. actions; *and the court may make orders of the character provided for by section 2019, subdivisions (b) and (d) and by sections 2031, 2032, and 2034 of this code."* (Italics added.)

Under this section, when a suit cannot be presently brought, the function of the deposition is restricted to perpetuation purposes. (See, Witkin, California Evidence, §§ 517, 518, pp. 574, 575; 1 De Meo, Cal. Depositions & Discovery Practice, § 3.05 et seq.; 44 Cal. Law Rev. 925.) But, in addition to an order for such deposition, the section specifically authorizes the court to make orders for the inspection of documents (§ 2031) and for a physical examination (§ 2032), as well as protective orders as provided in section 2019, subdivisions (b) and (d), and enforcement orders as provided under section 2034.

Section 2017 is based on federal rule 27,[4] and real party in interest relies strongly, in support of the court's order, upon the construction given that rule in *Martin* v. *Reynolds Metals Corp.* (9th Cir. 1961) 297 F.2d 49. In that case appellants questioned the power of the court under said rule, *inter alia,* to make an order pertaining to the discovery and production of documents and things for inspection, copying and photographing. Appellee, in its petition to perpetuate evidence, alleged that a claim had been made by appellants that fluorides emanating from appellee's aluminum plant had been discharged on the former's lands and into the water thereon, and that appellants' cattle had been injured by eating vegetation and drinking water contaminated by the fluorides; that it expected to be sued by appellants and that it could not itself bring or cause the action to be brought. By the court's order appellee was permitted to enter upon real property of appellants for purposes of: obtaining specimen samples of forage, feeds, air, water, soil, vegetation and mineral supplements; examining the pastures and supplemental feed; photographing the animals, foodstuffs, pastures and facilities; making an examination of the animals, including the inspection and photographing of the teeth and obtaining samples of urine from at least 20 animals. We quote from the court's opinion, pages 55-56: "Appellants'

---

[4]This rule, substantially similar to our section 2017, contains the corresponding provision: "The depositions may then be taken in accordance with these rules; and the court may make orders of the character provided for by rules 34 and 35." Rules 34 and 35 correspond to sections 2031 and 2032, respectively.

first contention is that the request for the taking of Martin's deposition is a sham, and was made solely for the purpose of enabling Reynolds to take advantage of the provisions of rule 34, F.R.Civ.P. They then argue that rule 34 cannot be used in a proceeding to perpetuate testimony, except in connection with a deposition, and that because the request for a deposition is a sham, the rest of the order must fail. It would be a sufficient answer to say that we find nothing in the record requiring a finding that the request for the deposition is a sham. But we do not rest our decision on that ground.

"In our opinion, a party may, in a proper case, proceed under rule 27 for an order under rule 34 without taking a deposition at all, and we think that this is such a case.

"As originally promulgated, rule 27 contained no reference to rule 34 or rule 35, and for that reason it was held in *Egan* v. *Moran Towing & Transportation Co.* (D.C.S.D.N.Y. 1939) 26 F.Supp. 621, that advantage could not be taken of rule 34 in a proceeding under rule 27. As a result of this decision, there was added to the second sentence of rule 27 (a) (3), which read: 'The deposition may then be taken in accordance with these rules', a semicolon followed by: 'and the court may make orders of the character provided for by rules 34 and 35'. In this connection, the Advisory Committee on Amendments to Rules says 'Since the second sentence in subdivision (a) (3) refers only to depositions, it is arguable that rules 34 and 35 are inapplicable in proceedings to perpetuate testimony. The new matter clarifies.' (28 U.S.C.A. rules 17 to 33, p. 353.)

"The clarification, however, is unclear. It is arguable that, read literally, the amendment permits the use of rules 34 and 35 only when a deposition is to be taken. We think that the purpose—and common sense—should prevail over the awkward form in which the amendment is cast. The purpose is to make rules 34 and 35 applicable in proceedings to perpetuate testimony. Common sense says that there will be cases in which they should be applicable where a deposition is not necessary or appropriate. It may frequently occur that the only thing likely to be lost or concealed is a paper or object that should be subject to inspection, etc., under rule 34, or the physical or mental condition of a party, who should be subject to physical or mental examination by a physician under rule 35. In such cases, the party seeking to perpetuate such evidence should not be required to couple his request with a request that a deposition be taken. We do not think

that the language of amended rule 27(a)(3) compel such a requirement. Mr. Moore agrees with us (4 Moore's Federal Practice (2d ed.) § 2713, p. 1829.) The conjunctive form of the sentence can and should be interpreted to mean that the right to a rule 34 order, like the right to take a deposition, depends upon the making of a proper showing, mentioned in the preceding sentence.

"The court thus had the power to make an order under rule 34."

The *Martin* case involved an order for inspection, including the physical inspection of cattle, by reason of the reference in federal rule 27 to rule 34 (Cal. Code Civ. Proc., § 2031), but the opinion indicates that the same construction is to be placed upon the reference to rule 35 (§ 2032). ▪ The Legislature has made no distinction between an order for inspection and one for a physical examination under the provisions of section 2017, subdivision (a) (3).[5] Nor is there a specific requirement that there must be an order for the taking of a deposition before the court may make an order for inspection or for a physical examination. ▪ In the present matter, the court had the power to make an order for physical examination pursuant to section 2017, subdivision (a) (3), and such power exists, upon a proper showing, without the taking of a deposition. ▪ We agree with petitioner's contention that said section is a "perpetuation" statute. It was not intended for purely discovery purposes and an order for physi-

---

[5]Under the former California statutes (Code Civ. Proc., § 2083 et seq.) it was necessary that the petition show only (1) the name and place of residence of the witness to be examined, (2) a general outline of the facts expected to be proved, and (3) that the petitioner either expects to be a party to an action in this state or, if no suit is anticipated, that petitioner needs to prove or establish title, marriage, descent, heirship, or any other matter, in case an action should later develop. It is stated in Witkin, California Evidence, § 517, pp. 574-575: "The chief condition of the prior statute, that the applicant expected to be a party to an action in this state, was scarcely a limitation, while the ordinary deposition statutes were extremely restrictive. . . . As a result, the perpetuation statute was frequently employed not to preserve testimony in danger of being lost, but for discovery purposes." (See *Demaree* v. *Superior Court*, 10 Cal.2d 99, 103 [73 P.2d 605]; *Superior Ins. Co.* v. *Superior Court*, 37 Cal.2d 749 [235 P.2d 833].) The former statute was given a broad and liberal application, the cases holding that if the application for the order complied with said section, nothing more was required. (*MacLeod* v. *Superior Court*, 115 Cal.App.2d 180, 184 [251 P.2d 728], and cases there cited.) It has been said that the new section (2017) "tightens up the conditions of the proceeding so as to restrict its use to perpetuation purposes and to eliminate its use for the discovery purposes now adequately covered by other statutes." (Witkin, Cal, Evidence, § 518; see also, 1 De Meo, *supra*, § 3.06 et seq.)

cal examination thereunder should be made only where the element of perpetuation of such evidence is involved.

■ We now consider the showing made by real party in interest. The petition must meet the requirements of subdivision (a) (1) of section 2017, and the showing must be sufficient to satisfy the court that perpetuation may "prevent a failure or delay of justice."

■ Without repeating the allegations of the petition which are outlined above, it appears that the petition complies with the requirements as to the substantive contents enumerated. ■ "Whether there is a sufficient likelihood that the expected litigation will eventuate is a matter for the sound discretion of the court to which application to perpetuate is made." (*De Wagenknecht* v. *Stinnes* (U.S.C.A.D.C. 1957) 250 F.2d 414, 417.) So far as appears from the record here, none of the allegations of said verified petition or the statements contained in the supporting affidavit are denied. Petitioner has made no claim or showing that there is no actual basis for such allegations or averments, or that they are not made in good faith. (See, 1 De Meo, *supra,* § 322.) The nature and extent of the injuries sustained by the minor will be material in the event the expected personal injury action is brought.

It does not appear that petitioner made any contention or showing in the trial court to the effect that a physical examination or the taking of X-rays will be unduly painful or dangerous to the minor. Had such a showing been made, the court could have made such protective order as it deemed appropriate or could have denied the right to an examination, in whole or in part. ■ In cases involving a physical examination the court is given the authority to limit the manner and scope of the examination and impose conditions to protect the rights of the person to be examined. It is a matter within its discretion.

It appears that the showing was sufficient legally to support the order. The alternative writ is discharged and the petition for a peremptory writ is denied.

Petitioner's application for a hearing by the Supreme Court was denied October 16, 1963.