[Civ. No. 1070. Fifth Dist. May 19, 1969.]

HUNT-WESSON FOODS, INC., Petitioner and Appellant, v. COUNTY OF STANISLAUS, Objector and Respondent.

Johnston, Platt, Klein & Horton, Robert D. Platt and V. Judson Klein for Petitioner and Appellant.

T. W. Martz, County Counsel, Jonathan H. Rowell, Assistant County Counsel, and A. J. Shaw, Jr., Deputy County Counsel, for Objector and Respondent.

CONLEY, P. J.—This appeal tests the question whether depositions may be taken as a matter of right for purely discovery purposes under section 2017 of the Code of Civil Procedure. The trial court said, ''No,'' but the appellant registers an emphatic, ''Yes.''

In the year 1967, Hunt-Wesson Foods, Inc., concluded that the Stanislaus County assessor and his staff had improperly assessed the inventory of its Oakdale plant. The full cash

value of the inventory, as determined by the assessor, was found to be an amount exactly equal to "standard costs." Appellant disputed the value assigned to its property as being "way too high"; filed an application for reduction of assessment with the Stanislaus County Board of Supervisors; and instituted proceedings, under Code of Civil Procedure section 2017, to take depositions of the assessor and two of his deputies. The County of Stanislaus did not oppose the section 2017 proceedings, and the court ordered that the depositions could be taken. A hearing was subsequently held before the board of supervisors sitting as a county board of equalization, and it was determined that the 1967 assessment of appellant's inventory was proper.

In 1968, the assessor valued the petitioner's inventory for that year at a figure some $700,000 higher even than "standard costs." The appellant planned to follow the same procedure which it had used in 1967; on September 11, 1968, it initiated this proceeding, under section 2017 of the Code of Civil Procedure, in the Superior Court of Stanislaus County to secure depositions of the assessor and three of his deputies relative to the 1968 assessment. On this second occasion, the County of Stanislaus resisted the taking of depositions, arguing inter alia that, as a matter of law, the depositions as such would not be admissible evidence either at the equalization hearing (Rev. & Tax. Code, § 1609) or at the trial of any possible court action thereafter. More specifically, respondent contended that depositions, under section 2017 of the Code of Civil Procedure, cannot be taken for discovery purposes only. After a hearing, the superior court ruled in favor of respondent and this appeal followed.

The projected course of the petitioner is clear with respect to its future conduct of the administrative appeal to the board of supervisors. No use of depositions by direct introduction will be permitted at the hearing before the board of supervisors. That is conceded.

If the board of supervisors does not afford the relief sought by the petitioner, the assessed taxes will be paid under protest (Rev. & Tax. Code, § 5136), and a suit will be commenced in the Superior Court of Stanislaus County attacking the assessment of the county assessor and the determination of the county board of supervisors, sitting as a board of equalization, praying for a tax refund (Rev. & Tax. Code, § 5138). Incidentally, the commencement of such a suit is contingent upon an

adverse ruling by the board of supervisors, which the petitioner seems to assume will be the result of that hearing. If the board of equalization acts contrary to petitioner's prediction, and it holds either that the assessor has used a wrong method of assessing the property of Hunt-Wesson Foods, Inc. or that such officer has indulged in a retributive action against the petitioner, which has resulted in unfair treatment, the board of equalization will correct the assessment and no suit would ever be started. But the important factor, if a suit should be started, is that the depositions, if they are authorized, cannot be introduced in the projected court action. The sole evidence in that case will consist of a transcript of the proceedings before the board of supervisors acting in the administrative proceeding. (*Eastern-Columbia, Inc.* v. *County of Los Angeles,* 70 Cal.App.2d 497, 503-504 [161 P.2d 407]; *Bank of America* v. *Mundo,* 37 Cal.2d 1 [229 P.2d 345].) The fact that the proposed depositions could not be received in evidence in a possible court suit is also conceded by the petitioner.

We, therefore, face a situation in which the only possible utility of depositions, if permitted, would perhaps be to furnish counsel with ammunition for cross-examination of the persons whose depositions were taken. The basic question involved in this proceeding may be summarized as follows: May depositions be taken in a proceeding under section 2017 when the sole possible utilization is discovery?

That discovery may be a partial or incidental source of inquiry in depositions properly taken for the perpetuation of testimony, under section 2017 of the Code of Civil Procedure, has been held more than once. (*Block* v. *Superior Court,* 219 Cal. App.2d 469, 475 [33 Cal.Rptr. 205, 98 A.L.R.2d 901]; *Laddon* v. *Superior Court,* 167 Cal.App.2d 391, 395 [334 P.2d 638]; *Martin* v. *Reynolds Metals Corp.* (9th Cir. 1961) 297 F.2d 49, 55.)

However, section 2017 of the Code of Civil Procedure is unquestionably a perpetuation statute, and it was not designed for purely discovery purposes. (*Block* v. *Superior Court, supra,* 219 Cal.App.2d 469.) Respondent contends that section 2017 is not a proper vehicle to obtain prehearing depositions in matters related to disputed personal property assessments and taxation.

In *Block* v. *Superior Court, supra,* 219 Cal.App.2d 469, 475, it is stated: "Under this section [Code Civ. Proc. § 2017],

when a suit cannot be presently brought, the function of the deposition is restricted to perpetuation purposes." That opinion further says: "We agree with the petitioner's contention that said section is a 'perpetuation' statute. It was not intended for purely discovery purposes and an order for physical examination thereunder should be made only where the element of perpetuation of such evidence is involved."

The decision of the superior court in the instant case placed great reliance on Revenue and Taxation Code section 1609, which, in part, provides: "No subpoena to take depositions shall be issued nor shall depositions be considered for any purpose by the county board or the assessment appeals board." Appellant concedes that such depositions could not be used at a board of equalization hearing before the supervisors or at an ensuing court trial, but argues that it is entitled to the depositions for a reason entirely apart from their admissibility in evidence, namely, for discovery.

According to appellant, the question on this appeal is whether such depositions can be used solely for discovery purposes, and not whether the depositions, once taken, can be introduced in evidence. It is argued that if it should be determined that the depositions can be taken for discovery purposes, it does not matter that the actual testimony solicited will not be admissible in evidence later on. (*Associated Brewers Distributing Co.* v. *Superior Court,* 65 Cal.2d 583, 587 [55 Cal.Rptr. 772, 422 P.2d 332]; *Greyhound Corp.* v. *Superior Court,* 56 Cal.2d 355, 391-393 [15 Cal.Rptr. 90, 364 P.2d 266].)

The court in *Greyhound Corp.* v. *Superior Court, supra,* 56 Cal.2d 355, 378, noted that: ". . . disclosure is a matter of right unless statutory or public policy considerations clearly prohibit it. Even in those instances wherein the statute requires a showing of good cause, that showing must be liberally construed."

Revenue and Taxation Code section 1609 relates solely to the admissibility of depositions in proceedings before a board of equalization, and, once it is found that depositions can be taken for purposes of discovery, under section 2017, it seems clear that section 1609 would not prohibit the taking of such depositions.

Appellant's main argument, therefore, is that section 2017 can be used solely for purposes of discovery; it provides in part that: "A person who desires to perpetuate his own testi-

mony or that of another person regarding any matter that may be cognizable in any court of this State may file a verified petition in the superior court. . . ." It is further provided that: "If the court is satisfied that the perpetuation of the testimony may prevent a failure or delay of justice, it shall make an order designating or describing the persons whose depositions may be taken and specifying the subject matter of the examination. . . ."

Appellant cites a number of cases to support its argument that section 2017 can be used for discovery purposes. *Laddon* v. *Superior Court, supra,* 167 Cal.App.2d 391, 395, involved a petitioner who was seeking to discover the policy limits on a liability insurance contract. The court noted that: "It is true that the new act, while enlarging the right to discovery in an action presently pending, places somewhat greater procedural restrictions upon proceedings to perpetuate testimony (Code Civ. Proc. § 2017, subd. (a)(1)) than were contained in the old act (Code Civ. Proc., §§ 2083-2090). However, there is no apparent effort to limit the scope or subject-matter of the inquiry in a perpetuation proceeding." The court in that case concluded that " [a]n act designed to broaden discovery cannot lightly be construed as narrowing it," and held that the limits of the insurance policy could be discovered in the personal injury action.

In *Martin* v. *Reynolds Metals Corp., supra,* (9th Cir. 1961) 297 F.2d 49, the Ninth Circuit Court of Appeals decided a case based upon rule 27 of the Federal Rules of Civil Procedure, which is similar to section 2017; in the *Martin* case the federal court permitted fairly extensive discovery. Respondent would distinguish this case by noting that petitioner there was a potential defendant, who might some day be sued for damages caused to cattle from chlorides discharged from its plants.

The case of *Block* v. *Superior Court, supra,* 219 Cal.App.2d 469, relied heavily on the *Martin* case, and involved an attempt to examine physically a potential plaintiff who was a minor. The potential defendant was permitted to obtain a physical examination since the court could find that the requirements of section 2017 had been met, and there was a sufficient showing that perpetuation might "prevent a failure or delay of justice."

Respondent contends that no legislative intent appears to authorize, or even permit, prehearing depositions in connec-

tion with administrative proceedings or any subsequent court actions. In support of its contention, respondent discusses various bills that have been introduced in the Legislature in recent years, and which, if they had been adopted, would have permitted a certain amount of administrative discovery. Since all of the proposed bills referred to by respondent were defeated, there is some logical support for the conclusion that the intent of the Legislature has been opposed to the position of appellant.

Respondent believes that section 2017 is not a proper vehicle for obtaining prehearing depositions in matters related to disputed personal property assessments and taxation, and it argues that depositions are wholly unnecessary. At the hearing before the board of equalization, the appellant can cross-examine the assessor and his aides, and this situation will afford the appellant ample opportunity to inquire concerning all of the matters of defense. Counsel can ask the witnesses at the hearing what method they adopted in assessing appellant's personal property in Stanislaus County, and whether the same method was used in assessing the property of other taxpayers in a similar position. The witnesses presumably will tell the truth, and will not engage in any device to hide the factors that should be brought into the open. Therefore, Stanislaus County argues that ample opportunity will be given to the appellant at the equalization hearing itself to ascertain the true facts. It is contended by the respondent that all of the proposed side inquiries by the use of depositions, if allowed, will only furnish costly, but entirely unnecessary, advantages to a rich participant in tax litigation, and that it was never the plan of insuring fairness to taxpayers generally to permit and encourage a system of side inquiry. The county argues that section 2017 of the Code of Civil Procedure is clearly only a provision for the perpetuation of testimony to be used in future court actions.

Respondent argues that it is a curious oversight of appellant that it did not see fit in its opening brief to make reference to the denial by the Supreme Court of what respondent says were two parallel attempts to secure permission to take depositions in similar circumstances. This, says respondent, is a failure to consider the refusal of the Supreme Court to grant writs of mandate in two similar cases in which taxpayers were represented by some 24 law firms, including Johnston, Platt, Klein & Horton, attorneys for the petitioner

and appellant herein. These two cases were *Eng-Skell Company* v. *Tinney et al.*, and *Anchor Equipment Company* v. *Superior Court et al.*; the respondent contends that the petitioners there sought writs of mandate to permit depositions in circumstances resembling the instant facts, and that the petitioners therein urged, in effect, the same contentions made here by appellant. The minutes of the Supreme Court under date of April 12, 1967, show the following:

"S F 22514—*Eng-Skell Company* v. *Tinney et al.* Petition for writ of mandamus and application for stay denied. This order is final forthwith.

"S F 22515—*Anchor Equipment Company* v. *Superior Court of the City and County of San Francisco et al.* Petition for writ of mandamus and application for stay denied. This order is final forthwith."

In appellant's closing brief it contends that the facts in those cases were dissimilar from the facts herein and that they decided "nothing except that, for reasons sufficient to the Court, the writ[s] should not issue."

It appears to us, in summary, that: section 2017 of the Code of Civil Procedure was designed for the perpetuation of testimony, and that its utility is in the preservation of evidence for introduction in a probable future court case; it was not designed for discovery, and this was the sole purpose here even though discovery may be the by-product of a perpetuation proceeding. It is true that when evidence worthy of perpetuation is authorized by the applicable code section, and a deposition is, consequently, ordered, there may be inquiries which would incidentally constitute discovery. But if there is no opportunity to use perpetuated testimony in an actual legal action, the function and purpose of the statutory device is thwarted and the use of the section for obtaining collateral information only should be denied. This appears to us to be the present intention of the Legislature and the viewpoint of the courts. We believe, therefore, that the trial judge was correct in his ruling.

The order is affirmed.

Stone, J., and Gargano, J., concurred.

A petition for a rehearing was denied June 17, 1969, and appellant's petition for a hearing by the Supreme Court was denied July 16, 1969. Mosk, J., was of the opinion that the petition should be granted.