John H. Galloway, Jr., J.
The defendant Minneapolis Honeywell Begulator Co. Inc., in Actions Ho. 1 and 2 of these three consolidated actions moves for an order requiring the plaintiffs in said actions to deposit with the Clerk of this court a certain stack switch, and granting Minneapolis Honeywell permission to have an examination made of said switch at a time and place and in a manner to he ordered by this court.
The motion is unopposed except for a perfunctory opposition interposed by the attorney for Empire Mutual, plaintiff in Action Ho. 1, which sues as subrogee of Hillybrook Holding Corp., for whom the attorney had formerly appeared as attorney of record, and still does, in Actions Ho. 1 and 2, and for the defendants Szego and Hillybrook in Action Ho. 3, although he states he withdrew as counsel for said Hillybrook and Szego on August 29,1962.
These actions arose out of a fire which is claimed to have occurred on September 28, 1958 in the basement of a house then owned by Hillybrook (and now apparently owned by Szego- — ■ President of Hillybrook). The defendant Independent Fuel, under contract with Hillybrook, had previously installed an oil burner and appurtenances, and a stack switch manufactured by the defendant Minneapolis Honeywell as utilized in said installation. Empire seeks recovery of its loss payment under a fire insurance policy. Hillybrook seeks recovery for damages sustained in excess of its recovery under its Empire Mutual fire policy.
Plaintiffs in Actions Ho. 1 and 2 allege that on September 22, 1958 there was a fire in said oil burner, more particularly at or about said stack switch, which fire ignited portions of the building and oil burner, causing damage to both; and that the fire was solely the result of the negligence of the defendants in negligently installing the oil burner and in supplying a defective and improper stack switch.
Defendant Minneapolis Honeywell urges that it is necessary for proper preparation of its defense that it conduct an examination of the stack switch by a qualified expert in advance of trial. Since early in 1960 it has endeavored to secure such an examination, but, despite alternate assurances of favorable response by plaintiffs in both actions, the examination has not been arranged.
In our opinion the defendant Minneapolis Honeywell’s motion should be granted, pursuant to section 324 of the Civil Practice Act and rules 140 and 141 of the Buies of Civil Practice; that the examination of the stack switch by a qualified expert should *907 be conducted prior to trial; that Empire Mutual, as subrogee of Hillybrook, Hillybrook and Stephen D. Szego, individually and as president or other officer of Hillybrook, should be directed to produce said stack switch for examination and inspection by an expert agreed upon by said parties and Minneapolis Honeywell; that if the parties cannot agree upon the expert to make the examination, this court will designate one; that the cost thereof shall be borne by Minneapolis Honeywell; and that after such examination, said stack switch should be delivered into the custody of the Clerk of this Court, pending trial. (Cf. Petruk v. South Ferry Realty Co., 2 A D 2d 533 [2d Dept.].)
However, in order that the interests of all adverse parties may be safeguarded, the court requests that it be supplied with a reasonably specific description of the method, nature and extent of the ‘ ‘ examination ” by an expert which is intended to be conducted, the place where and the conditions under which it will be held, the nature and extent of the tests, if any, which may be conducted as a part of such examination, and the court should be advised whether the examination or tests, if any required, will materially alter or destroy the physical aspects or functioning of the stack switch in question. (Cf. Petruk v. South Ferry Realty Co., supra.) And provision should be made for the examination to be conducted in the presence of representatives of the parties who will be subject to the order of this court. (Cf. Scully v. Farragut Refrig. Co., 207 Misc. 798.)
Accordingly, the court will withhold final determination of this motion pending the submission of the foregoing information.