**Petition of Dean A. GURNSEY to perpetuate the testimony of Alfred G. Stellato.**
**Civ. A. No. 2547-63.**

United States District Court
District of Columbia.
Oct. 31, 1963.

Pierre E. Dostert, Washington, D. C., for petitioner.

Arnold Aikens, Asst. U. S. Atty., for the District of Columbia, for United States.

HOLTZOFF, District Judge.

This Court granted an *ex parte* order without a hearing to perpetuate the testimony of a prospective witness pursuant to Rule 27 of the Federal Rules of Civil Procedure. The case is now before the Court on a contested motion to substitute another witness for the witness named in the original order and another contested motion to vacate the original order.

The petitioner is an employee of the Federal Government. He was in a probationary status and, therefore, was not entitled to all of the protection and safeguards extended by the various Civil Service Acts. He was discharged from his employment on the ground that the Government had received information adversely affecting his moral character. He was given the nature of the information but not the names of the informants, and he was accorded an opportunity to deny the charges and presumably to offer testimony to refute them.

He now seeks to invoke Rule 27 for the purpose of taking the deposition of an official of the United States Civil Service Commission and thereby procuring the names of the informants who gave adverse information against him and the written statements of these informants. The Court appointed counsel to represent the unknown informants, and the United States Attorney has asked leave and has been granted leave to appear and move to vacate the order in view of the governmental interest involved.

■■■ The Court has considered two aspects of this matter. First is the purpose and the extent of Rule 27. Rule 27 provides a procedure for the perpetuation of testimony of a witness. It is contemplated that it may be used in instances where as a result of time the witness's testimony might become unavailable. It is not a method of discovery to determine whether a cause of action exists; and, if so, against whom action should be instituted. For this reason, the Court reaches the conclusion that a proceeding under Rule 27 may not be used for the purpose intended by the petitioner and in a manner in which he attempts to invoke it.

■■ There is a second aspect to this matter. The purpose of the proceeding is to ascertain names of informants to the Government and the exact nature and details of the information supplied by the informants. The Court is of the opinion that the information sought by the petitioner is absolutely privileged. The Government has the privilege, in fact perhaps even a duty, not to reveal names of informants supplying information to it or the nature of the information relating to violations of the criminal law or other matters that might adversely affect the Government. This is an old time common law privilege which was approved by the Supreme Court in Vogel v. Gruaz, 110 U.S. 311, 4 S.Ct. 12, 28 L.Ed. 158. Counsel for the petitioner would seek to limit this informant's privilege strictly to matters of criminal accusations. The Court is not aware of any binding authority limiting this privilege in such a manner. The purpose of this doctrine is to make it possible for any citizen to come to governmental authorities and furnish confidential information to the Government.

The Court does not have to and will not decide whether an action for libel or slander would lie against the informant if the person concerning whom adverse information had been given became aware of the fact. That is a matter that is not before this Court. What the Court has to determine is whether the Government should be required to divulge this information. To compel the Government to do so would be to discourage citizens from furnishing information to the Government. The governmental in-

terest in matters of this kind is paramount.

In view of these considerations, the Court will vacate its original *ex parte* order which was made on October 17, 1963.