430 P.2d 773

STATE of New Mexico ex rel. NEW MEXICO STATE HIGHWAY COMMISSION, Petitioner-Appellant,

v.

George TAIRA et al., Defendants-Appellees.

No. 8337.

Supreme Court of New Mexico.

July 31, 1967.

Boston E. Witt, Atty. Gen., Joseph L. Droege, Sp. Asst. Atty. Gen., Santa Fe, George E. McDevitt, Gallup, for appellant.

. Montgomery, Federici & Andrews, Santa Fe, for appellees.

Frederick M. Mowrer, Asst. City Atty., Stanley P. Zuris, Albuquerque, amici curiae.

## OPINION

CARMODY, Justice.

In anticipation of possible future litigation, the New Mexico State Highway Commission filed an original proceeding in the district court, seeking "an order allowing it to perpetuate evidence, * * *." The trial court granted the relief sought, but, as a part thereof, required that the information obtained be filed with the court and that it be subject to inspection by the defendants. The commission appeals because of the filing and inspection requirement.

The controversy arose in this way: The commission, in connection with the building of Interstate 40 through the city of Gallup, planned to construct two viaducts on certain streets in Gallup. Inasmuch as the viaducts were to be constructed completely within the present rights-of-way of the streets involved, no physical taking was contemplated. However, the commission anticipated that even though there would be no taking of property, litigation might result, in the nature of inverse condemnation actions because of possible adverse effects on adjacent property. The petition by the commission stated that it wished to make "be-

fore and after surveys" in order to determine any changes with respect to the adjoining property "as to air, including noxious fumes, light, noise, loss of privacy, as well as to make a photographic survey of each property." The defendant property owners had continuously refused to allow any entry for the survey purposes as requested by the commission. Following a hearing, the court allowed the commission to enter upon the property of the defendants "for the purposes described in the petition," but subject to certain restrictions and conditions. These conditions were, generally, that the surveys be carried out without any material interference, that 48-hours advance notice be given prior to intended entry, that the defendants be notified of the type of survey to be made, and, in general, why entry upon the premises was necessary, that the commission post a surety bond in the sum of $5,000 for indemnification for any legally compensable damage, and, finally, that "any data or results obtained under the authority of this judgment will be filed with this court in this cause and will be subject to inspection by the defendants."

No issue is raised in this appeal as to the propriety of the proceeding, whether it be to perpetuate testimony under Rule 27 (§ 21–1–1(27), N.M.S.A.1953), or for discovery under Rule 34 (§ 21–1–1(34), N.M. S.A.1963). The only apparent conflict between the parties is that the commission seems to argue that it is seeking discovery, whereas the defendants urge that the proceeding is really to perpetuate testimony. The trial court did not take a position one way or the other, implying, at least, that the relief was justified under a joint construction of both rules. As long as no issue is raised, neither will we determine under which of the two rules such an effort as is here attempted is proper, particularly in view of the disposition which we make.

In any event, there is authority for the procedure here adopted and which we approve. See Martin v. Reynolds Metals Corp. (9th Cir. 1961), 297 F.2d 49; and

Block v. Superior Court of Los Angeles County, 219 Cal.App.2d 469, 33 Cal.Rptr. 205, 98 A.L.R.2d 901. A minor difference between this case and the two above cited is that, in them, the discovery or perpetuation of the evidence was sought after the accrual of the cause of action but before the litigation actually commenced, whereas in our case even the cause of action has not accrued; however, we do not believe that such a variance is material.

The principal issue raised by the commission is that the district court abused its discretion and exceeded its authority when it ordered a disclosure of the results of the investigation, because it is claimed that the material is the "work product" of counsel and cannot be discovered under Rule 34, supra, without a showing of good cause. Principal reliance is placed on Hickman v. Taylor, 1947, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451; and Alltmont v. United States (3d Cir. 1949), 177 F.2d 971, cert. den. 339 U.S. 967, 70 S.Ct. 999, 94 L.Ed. 1375. We find no fault with the holdings in either of the above cases, but merely point out that they are not applicable to the instant situation, for the very simple reason that here the defendants are not seeking to perpetuate testimony or make discovery, and it is the commission itself which is seeking the relief, not the defendants. The "good cause" required by the rule is that of the movant, not the respondent. In effect, the trial court merely said to the commission, "Yes, you may perpetuate the evidence, but only upon the condition that you make the evidence available for the information of the defendants." There is no question but that if this were a proceeding solely to perpetuate testimony under Rule 27, supra, any deposition would be filed and be subject to examination by the parties in accordance with the rules. There is no logical reason why a similar requirement should not apply here.

Actually, the commission is taking a rather ambiguous position, because counsel stated at the time of one of the hearings in the district court that "we have no par-

ticular objection to making these reports available to the other side, but we do object to having to give them to them without their participating in the cost." At this stage, the district court inquired as to whether the commission was objecting because it was related to the cost, not the work product, and counsel for the commission answered as follows:

"A combination of both. If they would agree to participate in the cost of these investigations, we'll happily stipulate that either side can use them and anything else within reason that they want, but if they don't want to participate then no. I don't see that even the State is required to furnish them the ammunition to shoot us down, particularly without cost, assuming, of course, they will be—"

■ The real issue is the power of the court to impose conditions or protective provisions as it deems just and reasonable. Such conditions were imposed by the trial courts in both Martin v. Reynolds Corp., supra, and Block v. Superior Court of Los Angeles County, supra, and it is generally recognized that the courts in enforcing the rules of civil procedure with respect to depositions and discovery have the right to impose protective provisions and conditions. See Williams v. Continental Oil Co. (10th Cir. 1954), 215 F.2d 4; 1417 Bedford Realty Co. v. Sun Oil Co., 1964, 21 App.Div.2d 684, 250 N.Y.S.2d 455; Empire Mutual Ins. Co. v. Independent Fuel & Oil Co., 1962, 37 Misc.2d 905, 236 N.Y.S.2d 579.

In an unreported case furnished us by counsel for the commission, Hawaii v. Zane, et al., No. 4485, decided April 27, 1966, the Supreme Court of Hawaii affirmed the trial court's order granting certain defendants the right to inspect appraisal reports in a condemnation proceeding. Although the short opinion discusses in the main "good cause" under Rule 34, that court very aptly stated as follows:

"We are unable to see any just basis in a fair application of Rule 34 for characterizing as reversible error the trial court's decision to grant reciprocation to the defendants for the advantage the State acquired in having the opportunity to inspect and study the report upon which the defendants' evaluation would presumably be based and proferred if the case went to trial."

Except for the fact that the instant proceeding is anticipatory to a possible later trial, the answer to the commission's contention is really found in State ex rel. State Highway Commission v. Steinkraus, 1966, 76 N.M. 617, 417 P.2d 431. Certainly, "data or results" of surveys is no more the work product of counsel, and perhaps not even as much so, as the opinion of an expert. The surveys have for their purpose the ascertainment of facts which are in no sense privileged. Under the circumstances here present as analogous to those discussed in Steinkraus, we perceive no reason why the commission should object to the disclosure of the data obtained when the cost will be paid for with public funds. Suffice it to say that if the commission feels it is being unfairly treated in being required to divulge the content of the surveys not yet made, it need not take advantage of the order authorizing it to go upon the defendants' lands to make the examinations.

■ As is implicit in Steinkraus, the commission, being a public body and using public funds, is not in the same position as the ordinary litigant. There we said:

" * * * The Commission's duty to see that the landowner is fairly paid for property taken or damaged removes any taint of unfairness that might exist in a controversy between private parties. * * *"

■ The following pertinent observation appears in 7 Moore's Federal Practice, § 71A.20[3], p. 2767:

" * * * Although as a general rule a party will not be allowed to obtain discovery from the adverse party's experts, a guarded relaxation of this doctrine in favor of the condemnee may, at times, be proper, at least in condemnation actions by the government. The condemnee is in

the position of an innocent bystander who suddenly finds himself about to be disposssessed or already dispossessed merely because it has been determined by the government that his property is necessary for some governmental function. * * *"

Lastly, with reference to the commission's argument on this point, we take note of a very recent decision of the Supreme Court of Wisconsin, called to our attention by counsel for the commission since oral argument (State ex rel. Dudek v. Circuit Court for Milwaukee County, 1967, 34 Wis.2d 559, 150 N.W.2d 387), which principally concerned the extent and under what conditions an attorney can be required to reveal his preparation for trial. However, in the course of this lengthy opinion, the Wisconsin court pointed out that the power of the court, under Federal Rules of Civil Procedure 30(b) (§ 21–1–1(30) (b), N.M. S.A.1953) (which is, of course, partially applicable in the instant case) must be "flexible according to the particular facts and issues of the case, the relative positions of the parties, the necessity of mutual discovery, and the overall fairness to the parties and to the experts themselves." The court then made a statement which is apposite here:

"* * * The court should be able to condition discovery of the results of a truly unique experiment upon a sharing of costs, or may require such discovery without sharing costs where the party who needs the discovery can demonstrate undue financial hardship and prejudice if he must pay or be forced to try to duplicate the experiment."

We do not believe there was any abuse of discretion or exceeding of authority when the trial court conditioned its order in the manner in which it did. The defendants preferred to be left alone and even objected to the construction of any overpasses. Thus fundamental fairness makes it obvious that they, as innocent bystanders, should not be required to share the costs of the surveys sought by the state, which certainly was not under any undue financial hardship, nor should they be required to expend substantial sums to duplicate the surveys on the bare possibility that the construction, if completed, would damage the adjacent property and result in litigation.

The commission also urges that the district court's order was in error in that it violated the doctrine of sovereign immunity, in effect granting a counterclaim against the state. It is somewhat difficult to understand how the commission can in one breath seek the aid of the court under the rules of civil procedure and in the next breath say that the court cannot prescribe just terms and conditions in the granting of the relief sought. As was stated in Fleming v. Bernardi (N.D.Ohio 1941), 1 F.R.D. 624:

"[W]hen a party seeks relief in a court of law, he must be held to have waived any privilege, which he otherwise might have had, to withhold the testimony required by the rules of pleading or evidence as a basis for such relief."

The government when appearing as a litigant is like a private individual, Bank Line, Ltd. v. United States (2d Cir. 1947), 163 F.2d 133.

It is admitted that the inverse condemnation statute (§ 22–9–22, N.M.S.A. 1953) is legislative authorization for actions against the highway commission. The state having consented to such a suit, it is now in a position of an ordinary litigant to whom the rules of civil procedure ordinarily apply. Mosseller v. United States (2d Cir. 1946), 158 F.2d 380, held that the consent of the United States was not necessary before proceedings could be brought against it (under Rule 27, supra, for the perpetuation of testimony) where the proceeding was in aid of anticipated action authorized by statute. Thus it follows that if the consent of the state would not be necessary in an action such as this if brought by the defendants, then for even stronger reasons the specific consent of the state is unnecessary when the action is brought by the state

itself. Cf., State ex rel. State Highway Commission of New Mexico v. Town of Grants, 1961, 69 N.M. 145, 364 P.2d 853. There is no violation of the sovereign immunity doctrine.

 Lastly, the commission maintains that the disclosure order constituted an unlawful deprivation of property and is a violation of due process. The commission itself states that such argument has fallen into disrepute, but in any event the same is fully answered by State ex rel. State Highway Commission v. Steinkraus, supra. We would also note that the due process clause, either of the Fourteenth Amendment to the Constitution of the United States, or art. 2, § 18 of the Constitution of New Mexico, protects only the rights of "persons" and does not embrace the state.

The errors claimed by the commission are without merit and the case should be affirmed. It is so ordered.

. MOISE, J., and JOE ANGEL, District Judge, concur.