357 So.2d 1295 (1978)
In the Matter of VERMILION PARISH SCHOOL BOARD to Perpetuate the Testimony of Dr. James P. Morgan.
No. 6420.
Court of Appeal of Louisiana, Third Circuit.
April 11, 1978.
Dan A. Spencer and James M. Dunnam, Houston, Tex., Joseph R. Oelkers, III, Baton Rouge, for defendant-appellant.
Roger C. Edwards, Abbeville, Broussard, Broussard & Moresi by Marcus A. Broussard, Jr., Abbeville, for plaintiff-appellee.
Before WATSON, GUIDRY and FORET, JJ.
FORET, Judge.
On May 24, 1977, the Vermilion Parish School Board filed a petition to take the deposition of Dr. James P. Morgan. The petition alleges that the Vermilion Parish School Board, believing itself to be the owner of various lands situated within a body of water known as Whitelake in Vermilion Parish, Louisiana, intends to bring an action against all persons producing minerals from its land. Named as expected adverse parties are Superior Oil Company, Union Oil Company of California, the State of Louisiana, and Southdown Land Company. The Vermilion Parish School Board desires to take the deposition of Dr. James P. Morgan upon the belief that he made a study of Whitelake to determine whether or not it was navigable in 1812.
On June 23, 1977, the Superior Oil Company filed a Motion to Deny the Petition to Take the Testimony of Dr. James P. Morgan. A hearing was held on June 27, 1977, and on August 31, 1977, the court rendered judgment in favor of plaintiff authorizing the taking of Dr. Morgan's deposition.
On September 13, 1977, Superior Oil Company (hereafter Superior) was granted a suspensive appeal from the judgment rendered on August 31, 1977. In an abundance of caution, Superior sought supervisory writ in order to avoid the possibility of losing all right to appellate review of the district court judgment. Writ was denied on December 5, 1977 because the realtor had a remedy by appeal.

*1296 DENIAL OF WRIT AND APPEALABILITY OF JUDGMENT GRANTING PETITION TO PERPETUATE TESTIMONY
Superior's application for writs of certiorari, # 6428, was denied on December 5, 1977 because the Court was of the opinion the realtor had a remedy by appeal. There are no reported Louisiana cases presenting the issue of whether or not an appeal lies from a judgment granting a Petition to Perpetuate Testimony. Therefore, we deem it worthwhile to discuss this issue, although the appellee makes no mention of it in its brief; the appellant does, however, discuss the appealability of such a judgment. The issue, of course, that must be resolved is whether such a judgment is final so as to bring it within the scope of L.C.C.P. § 2083.
The source of C.C.P. Art. 1429 is Federal Rule 27(a)(1); the provisions are almost verbatim. In Mosseller v. United States, 2 Cir., 158 F.2d 380, plaintiff petitioned for an order authorizing her to take the deposition of her son for the purpose of perpetuating his testimony in accordance with Federal Rule 27(a)(1). The United States appealed the granting of the petition. As to the finality and appealability of the order authorizing the taking of the deposition, the court stated:
"Nor do we see grounds to reconsider our earlier decision denying petitioner's motion to dismiss the appeal. The order authorizing the taking of the deposition is a final order for the purpose of appealability, because it grants all the relief sought in the petition and disposes of the proceeding. . . . If such orders were not held final and appealable, a plaintiff who had taken a deposition could wait several years before deciding to bring suit and the putative defendant could not during this time question the propriety of the order by an appeal. . We see no conflict between this conclusion and the emphasis, noted above, upon the ancillary nature of the proceeding. Necessarily a proceeding for ancillary relief may often result in a final order which is reviewed on appeal." (all case citations omitted.)
In Ash v. Cort, 3 Cir., 512 F.2d 909, the court was faced with the question of whether or not a district court order denying a motion to perpetuate testimony pending appeal under Federal Rule 27(b) was a final, appealable order. In concluding that the order was final and appealable, the court analogized Rule 27(b) dealing with perpetuation of testimony pending appeal, with Rule 27(a). The court stated:
Unlike the usual discovery motion, the denial or grant of which has been considered interlocutory and non-appealable,8 motions to perpetuate testimony must be judged by different standards.9 In Mosseller v. United States, 158 F.2d 380 (2nd Cir., 1946), the Second Circuit held appealable the granting of a Rule 27(a) motion to perpetuate testimony in advance of trial. The court reasoned that the district court order authorizing depositions was a final order under 28 U.S.C. § 1291 "because it grant[ed] all the relief sought in the petition and dispose[d] of the proceeding." 158 F.2d at 383.10 Accord Martin v. Reynolds Metals Corporation, 297 F.2d 49, 52 (9th Cir., 1961).
The denial of a motion to perpetuate testimony would also seem to require immediate review. "An action refusing relief under Rule 27 would appear to be even more final [than the granting of such a motion], for it may have the effect of making it impossible for the petitioner to maintain an action or defense." Moore 9 Federal Practice ¶ 110.13[3] at 159 (1970).
Although there are no cases specifically addressing the question of appealability of Rule 27(b) orders,11 we perceive no reason for treating these differently than Rule 27(a) motions. The same narrow purpose of perpetuating testimony for later use obtains under both 27(a) and 27(b). The Rule 27(a) order is deemed final because it is the only matter pending in the district court at a time when no complaint has yet been filed. Similarly, when an appeal has been lodged in a *1297 higher court, a Rule 27(b) motion is the only matter pending before the district court. Since it is the only matter in the district court, a denial or grant of a Rule 27(b) motion is final in just the way the Second Circuit characterized as final, the grant of a 27(a) motion in Mosseller.12
There are several Louisiana cases which suggest that no order granting or denying discovery is appealable. Those cases, however, involve discovery during a pending suit; none of those examined involved a presuit Petition to Perpetuate Testimony.
Among the purposes of requiring a final judgment is the desire to avoid piecemeal litigation and prevent dilatory misuse of the right to appeal. Vernor v. Drexel Homes, Inc., 311 So.2d 493 (La.App. 4 Cir. 1975). As mentioned by the Federal courts, supra, there is no danger of delaying the litigation in cases like this. The Federal court's determination is the correct approach to be taken by the state's courts in considering L.C.C.P. § 1429. Although the Federal decisions are only persuasive authority, where the L.C.C.P. article which is being interpreted is essentially based upon one of the Federal rules, as L.C.C.P. § 1429, the Louisiana courts rely upon prior interpretation by the Federal courts as a persuasive guide to the intended meaning of a similar Louisiana Code of Civil Procedure article. Kay v. Carter, 243 La. 1095, 150 So.2d 27 (1963); Simon v. Castille, 174 So.2d 660 (La.App. 3 Cir. 1965).

ON THE MERITS
Superior argues that (1) petitioner has not complied with the requirements of C.C.P. Art. 1429, and (2) petitioner is not entitled to depose Dr. Morgan because he is an expert, employed by the General Counsel of Superior, who has conducted confidential research in anticipation of litigation.
C.C.P. Art. 1429 provides as follows:
Art. 1429. Perpetuation of testimony; petition
A person who desires to perpetuate his own testimony or that of another person regarding any matter that may be cognizable in any court of this state may file a verified petition in a court in which the anticipated action might be brought. The petition shall be entitled in the name of the petitioner and shall show:
(1) That the petitioner expects to be a party to an action cognizable in a court of this state but is presently unable to bring it or cause it to be brought.
(2) The subject matter of the expected action and his interest therein.
(3) The facts which he desires to establish by the proposed testimony and his reasons for desiring to perpetuate it.
(4) The names or a description of the persons he expects will be adverse parties and their addresses so far as known.
(5) The names and addresses of the persons to be examined and the substance of the testimony which he expects to elicit from each, and shall ask for an order authorizing the petitioner to take the depositions of the persons to be examined named in the petition, for the purpose of perpetuating their testimony.
Acts 1976, No. 574, § 1.
There are no Louisiana cases treating our present C.C.P. Art. 1429 nor its predecessor, C.C.P. Art. 1432. However, the source of our present Art. 1429 is Federal Rule 27(a)(1). Its provisions are almost verbatim with ours. The Federal courts have generally agreed that Rule 27 is not to be used for the purpose of fishing for some ground for bringing suit.[1] Its primary purpose is to preserve testimony that might otherwise be lost to a prospective litigant.
The first essential element is that the petition show that the petitioner expects to be a party to an action cognizable in a court of this state but is presently unable to bring it or cause it to be brought. Plaintiff states that they are unable to bring suit at the *1298 present time because they do "not have sufficient information to cause the said action to be filed".
In the Federal cases, there is usually some impediment to either bringing suit or causing it to be brought. For example, in one case, an alien, not presently entitled to sue the Attorney General for return of property vested under the Trading with the Enemy Act, was held entitled to take the deposition of an elderly witness in support of the alien's claim when other persons were making claims to the property and there was a likelihood of future litigation.[2]
In the present case, petitioner alleges that they are unable to bring the action only for lack of sufficient information. Petitioner has alleged no other reason why the suit cannot now be brought.
The third essential element is that the petition show the facts which petitioner desires to establish by the proposed testimony and his reasons for desiring to perpetuate it. Before the adoption of the rules, the Supreme Court held that to sustain a bill in equity to perpetuate testimony, it must appear that the facts expected to be proved would be material and competent evidence in the matter in controversy, and that the taking of the testimony was made necessary by the danger that it might be lost by delay.[3] While it is doubtful whether the first requirement stated by the court is still applicable[4], it is clear that the second limitation is still applicable. Normally, the danger of loss of testimony is sufficiently shown from the fact that petitioner is presently unable to bring the action, since it is common knowledge that the lapse of time is replete with hazards and unexpected events, and such evidence is available from no other source. The evidence sought to be elicited from Dr. Morgan, however, is not something that will be lost for all time unless his deposition is taken immediately. Petitioner is perfectly capable of hiring its own expert to make a similar study to determine whether or not Whitelake was navigable in 1812[5].
In our opinion, requirements (1) and (3) of C.C.P. Art. 1429 have not been complied with. Thus, the trial court has erred in granting the petition to perpetuate the testimony of Dr. Morgan.
The judgment of the trial court is reversed, and plaintiff's suit is dismissed. Costs of this appeal and costs at the trial court level are assessed against the Vermilion Parish School Board, insofar as that body can be liable for court costs.
REVERSED AND RENDERED.
WATSON, J., concurs and assigns reasons.
WATSON, Judge, concurring:
I respectfully concur, although I have grave doubts about the correctness of the majority opinion. Petitioner has met the requirements of LSA-C.C.P. art. 1429(1) by showing that the school board is unable to bring the suit due to the lack of knowledge as to the expert's opinion. Likewise, the requirements of sub-paragraph (3) have been satisfied by a showing that the school board desires to perpetuate Dr. Morgan's testimony. Apparently he has done extensive work on the basic question of navigability and if something happened to him, some of his research and opinions resulting therefrom might be lost.
The object of discovery is to facilitate the fair and impartial administration of justice. There is nothing unfair, immoral or unjust in the proposed perpetuation of the testimony of Dr. James P. Morgan. To obtain his testimony, the school board must now file a lawsuit which may turn out to be frivolous. I see nothing wrong with their taking the deposition of the expert in order to determine whether the suit should be filed.
Despite my misgivings, I reluctantly concur in the result.
NOTES
[1] See Wright & Miller, Federal Practice & Procedure: Civil §§ 2071-2072. In Ash v. Cort, C.A. 3d, 1975, 512 F.2d 909, 912, the court stated: "We reiterate that Rule 27 is not a substitute for discovery. It is available in special circumstances to preserve testimony which could otherwise be lost."
[2] De Wagenknecht v. Stinnes, C.A.1957, 102 U.S.App.D.C. 89, 250 F.2d 414.
[3] Arizona v. California, 1934, 292 U.S. 341, 54 S.Ct. 735, 78 L.Ed. 1298.
[4] See Martin v. Reynolds Metals Corp., C.A. 9th, 1961, 297 F.2d 49, 55.
[5] See Petition of Ernst, D.C.Cal.1942, 2 F.R.D. 447-51.