In the Matter of the Petition of GARY CONSTRUCTION, INC., a California corporation, and James E. Higby, a resident of California, to perpetuate testimony.

Civ. A. No. 82–X–218.

United States District Court, D. Colorado.

Jan. 25, 1983.

Alan N. Jensen, Colorado Springs, Colo., Martin M. Ostrow, Los Angeles, Cal., Tom W. Lamm, Boulder, Colo., for petitioner.

Pamela N. Hultin, Dufty, Schoenwald & Hultin, Denver, Colo., for "proposed" defendants.

## ORDER DENYING PETITION

CARRIGAN, District Judge.

Petitioners have invoked Fed.R.Civ.P. 27(a) in a petition to perpetuate the testimony of twenty-four persons. They state that they anticipate filing an action against five named "proposed" defendants. The "proposed" defendants and witnesses ("respondents") have filed both a motion for a protective order and a response to the Rule 27 petition. On December 10, 1982, I heard oral argument on the issue whether Rule 27 applies in these circumstances. At that hearing, I gave the petitioners leave to file an amended petition and gave the respondents leave to respond to that amended petition. Those additional pleadings have now been filed. After reviewing the entire file, I find that further oral argument would not materially assist in deciding this matter.

Petitioners allege that they expect to sue the proposed defendants for civil conspiracy and abuse of process in appealing a state district court's decision. Petitioners assert that they cannot currently anticipate the damages they may incur from the "wrongful" appeal. They state, however, that they will know the extent of those damages in a few months and could then file their complaint.

Currently, there are other actions pending between the petitioners and respondents in which they are litigating issues similar to those on which discovery or perpetuation of evidence is sought through this proceeding. If the petitioners need to depose the respondents immediately, they may be able to depose them in those related cases.

Rule 27(a) proceedings are not intended as a means of discovery to ascertain facts for use in framing a complaint. *In re Boland,* 79 F.R.D. 665 (D.D.C.1978); *Petition of the State of North Carolina,* 68 F.R.D. 410 (S.D.N.Y.1975); *Petition of Ex-*stein, 3 F.R.D. 242 (S.D.N.Y.1942). Admittedly, Rule 27 may be employed where the purpose is both to perpetuate testimony and discovery. *See* 4 J. Moore, *Federal Practice,* ¶¶ 27.07[4], 27.07[7] (2d ed.1982). But after examining the pleadings and hearing oral argument, I find and conclude here that the petitioners' attempted invocation of Rule 27 is simply an attempt to conduct discovery before filing suit. Petitioners are not using Rule 27 to perpetuate testimony or "to prevent a failure or delay of justice." Fed.R.Civ.P. 27(a)(3).

Accordingly,

IT IS ORDERED that the petitioners' request for an order allowing them to take Rule 27(a) depositions is denied and this proceeding is dismissed. Each party shall bear his, her, or its own costs. The Clerk of the Court shall enter judgment accordingly.