Douglas SANDMANN, Respondent,

v.

Stephen T. PETRON, Petitioner.

No. C0-87-23.

Supreme Court of Minnesota.

May 8, 1987.

Daniel A. Gislason, Ruth Ann Webster, New Ulm, for petitioner.

Richard T. Rodenberg, New Ulm, for respondent.

SCOTT, Justice.

Stephen T. Petron (Petron), a chiropractor, petitioned for a writ of prohibition to prevent the enforcement of a district court order subjecting him to a deposition prior

to the commencement of a medical malpractice complaint. The writ will issue.

Douglas Sandmann (Sandmann) brought a special proceeding in the Brown County District Court seeking an order under Rule 27 of the Minnesota Rules of Civil Procedure to enable him to depose Petron in order to obtain information Sandmann believed necessary to enable a medical consultant to ascertain whether or not Petron was professionally negligent in his treatment of Sandmann. The district court ordered that depositions of both Sandmann and Petron be taken at the same time. Petron petitioned the Minnesota Court of Appeals for a writ of prohibition. The court of appeals requested certification of this matter pursuant to Rule 118, subd. 3, of the Minnesota Rules of Civil Appellate Procedure and Minnesota Statutes § 480A.10, subd. 2(b)(i) (1986). This court granted certification.

In his verified petition, Sandmann alleges that he suffered a stroke as a direct result of chiropractic treatment administered by Petron, and that he has been disabled from returning to his regular employment as a New Ulm police officer. He further alleges that Minn.Stat. § 145.682 (1986)[1] requires an affidavit of expert review to be served with the summons and complaint in a malpractice case and that the expert he consulted needed to know about the physical examination, chiropractic treatment, and type of adjustment performed in order to form an opinion regarding the propriety of Petron's treatment of him. Sandmann's records have already been turned over to him.

The issue for decision is whether a trial court may subject a health care provider to being deposed prior to the commencement

---

1. Minn.Stat. § 145.682, subd. 2 (1986), requires, with exceptions not relevant here, that:

In an action alleging malpractice, error, mistake, or failure to cure, whether based on contract or tort, against a health care provider which includes a cause of action as to which expert testimony is necessary to establish a prima facie case, the plaintiff must * * * serve upon defendant with the summons and complaint an affidavit as provided in subdivision 3 * * *.

The required affidavit by the plaintiff's attorney must state that:

[T]he facts of the case have been reviewed by the plaintiff's attorney with an expert whose qualifications provide a reasonable expectation that the expert's opinions could be admissible at trial and that, in the opinion of this expert, one or more defendants deviated from the applicable standard of care and by that action caused injury to the plaintiff.

Minn.Stat. § 145.682, subd. 3(a) (1986).

of an action, when the purpose of the deposition is the discovery of information to obtain the certification required under section 145.682.

Sandmann is not seeking to perpetuate testimony. Rather, he seeks discovery of information necessary for his complaint. The trial court recognized this, but nevertheless granted the petition because without this discovery "[p]etitioner's possibly meritorious claim would be defeated." This court, however, when construing Rule 27.01,[2] has stated that: "Under the guise of liberal construction, we should not emasculate the rules by permitting something which was never intended or is not within the declared objects for which they were adopted." *Jeppesen v. Swanson,* 243 Minn. 547, 562, 68 N.W.2d 649, 658 (1955).

Rule 27 allows perpetuation of testimony to prevent a failure or delay of justice. *See* Minn.R.Civ.P. 27.01(3). Perpetuating testimony means "preserving the testimony of witness, which might otherwise be lost before the trial in which it is intended to be used." Black's Law Dictionary 1027 (5th ed. 1979). Reasons for perpetuating testimony include: The witness is aged, the witness is ill, or the witness is preparing to leave the country for a lengthy or indefinite period of time. *See In re Boland,* 79 F.R.D. 665, 667 (D.D.C.1978) (petition denied because no evidence that testimony would be unavailable after complaint was filed). Sandmann, however, has made no allegation that Petron's testimony would not be available after Sandmann commenced an action.

Minnesota's Rule 27.01 is substantially identical to federal Rule 27(a). *Compare* Fed.R.Civ.P. 27(a) *with* Minn.R.Civ.P. 27.-01. Federal courts considering this rule have held that it is not a device for discovering information to enable plaintiff to draw a proper complaint. *See, e.g., In re Gary Constr., Inc.,* 96 F.R.D. 432 (D.Colo. 1983); *In re Boland,* 79 F.R.D. 665 (D.D.C. 1978); *In re North Carolina,* 68 F.R.D. 410 (S.D.N.Y.1975); *In re Gurnsey,* 223 F.Supp. 359 (D.D.C.1963); *see also,* Annotation, *Right to Perpetuation of Testimony under Rule 27 of Federal Rules of Civil Procedure,* 60 A.L.R.Fed. 924, 937–39 (1982) (relief unavailable for purpose of obtaining discovery to frame complaint). Several state courts have also denied discovery to obtain information to frame a complaint. *See, e.g., Worley v. Worley,* 161 Ga.App. 44, 45, 288 S.E.2d 854, 856 (1982) (rule regarding perpetuating testimony is not a method to determine whether a cause of action exists); *In re Vermilion Parish School Bd.,* 357 So.2d 1295, 1298 (La.Ct.App.1978) (allegation that petitioner is unable to bring action for lack of sufficient information is not enough for rule regarding perpetuating testimony). This court has also, in a slightly different context, stated that Rule 27.01, "relating to perpetuation of evidence[,] * * * is not intended as a discovery procedure." *Jeppesen v. Swanson,* 243 Minn. 547, 557, 68 N.W.2d 649, 655 (1955); *see also* Louisell, *Discovery and Pre-Trial Under the Minnesota Rules,* 36 Minn.L.Rev. 633, 655 n. 63 (1952) ("Rule 27 pertains to *perpetuation,* rather than *discovery* as such * * *." (emphasis in original)).

Sandmann argued in his petition to take Petron's deposition that:

> to establish by the proposed testimony and his reasons for desiring to perpetuate it, (d) the names or a description of the persons he expects will be adverse parties and their addresses so far as known, and (e) the names and addresses of the persons to be examined and the substance of the testimony which he expects to elicit from each, and shall ask for an order authorizing the petitioner to take the deposition of the persons to be examined named in the petition, for the purpose of perpetuating their testimony.
> Minn.R.Civ.P. 27.01(1).

---

**2.** When no action has been commenced, Rule 27.01 provides a procedure for obtaining deposition testimony. That rule states:

> A person who desires to perpetuate his own testimony or that of another person regarding any matter may file a verified petition in the district court of the county of the residence of an expected adverse party. The petition shall be entitled in the name of the petitioner and shall show (a) that the petitioner expects to be a party to an action but is presently unable to bring it or cause it to be brought, (b) the subject matter of the expected action and his interest therein, (c) the facts which he desires

The legislature, had it intended to do so, could have provided that the taking of a deposition before action in a malpractice situation was prohibited. That was not done, and we respectfully urge that it is untenable to argue that such a prohibition should be implied. * * * There is no reason to presume or assume that the legislature intended a greater restriction than is set forth in the statute.

Sandmann was arguing that Rule 27.01 applied to medical malpractice actions, not that the statute, section 145.682, created a right to depose the health care provider before commencing an action. He does not come within this rule, however. We therefore reiterate that we will not emasculate the rule and permit something that was never intended.

Let the writ issue.

YETKA and KELLEY, JJ., dissent.

YETKA, Justice (dissenting).

I would discharge the writ on the ground that the plaintiff should be able to take the deposition. Minn.Stat. § 145.682 (1986), which requires the plaintiff to certify that an expert is available before a malpractice suit can be brought, places an attorney in the dilemma of compromising the statement required or forfeiting his client's case. If, simply by filing a statement that he has an expert available, an attorney gains the right to take a deposition soon afterwards, what sense is there in prohibiting depositions before a complaint is filed? It seems to me that Minn.R.Civ.P. 27.01 is broad enough to permit such a deposition given its command: "If the court is satisfied that the perpetuation of testimony may *prevent a failure or delay of justice*, it shall make an order designating and describing the persons whose depositions may be taken * * *." Minn.R.Civ.P. 27.01(3) (emphasis added).

The majority places too narrow and too conservative an interpretation on this rule. Such barren interpretations of rules promote more uncertainty and litigation rather than less. The original purpose of the Rules of Civil Procedure adopted over 35 years ago was to break away from the strict common law rules of procedure and to bring out all the facts of a case. If a chiropractor does not keep notes or a medical history, taking his deposition may be the only means of eliciting the evidence necessary for consultation with an outside expert.

Commentators support pre-action discovery in medical malpractice actions. *See* 1 D. Louisell & H. Williams, *Medical Malpractice* § 10.01 (1986). Their view is that:

[M]alpractice "reform" legislation should include statutory provisions which clearly would enable patients to procedure medical records without delay and at reasonable cost, and possibly to take depositions, before being forced to file suit without sufficient facts in hand. Definitive pre-filing discovery has the potential for precluding ill-founded suits and discouraging precipitous filing of all suits.

*Id.* at 10–5. California has recognized this difficulty and amended its medical malpractice statute to provide for certification after, rather than at the time of, filing. *See* Cal.Civ.Proc.Code § 411.30 (West Supp. 1987); *Strauch v. Superior Court of Sacramento County*, 107 Cal.App.3d 45, 165 Cal.Rptr. 552 (1980).

Since Rule 27.01 permits the taking of a deposition not only to prevent a delay, but to prevent a *failure* of justice, I would allow the deposition to be taken. Therefore, I dissent.

KELLEY, Justice (dissenting).

I join the dissent of Justice YETKA.