Betty HARMON, Plaintiff and Appellee,

v.

MERCY HOSPITAL, Defendant and Appellant.

Civ. No. 890383.

Supreme Court of North Dakota.

Sept. 5, 1990.

Betty Harmon, Williston, pro se. No appearance.

McIntee & Whisenand, P.C., Williston, for defendant and appellant; argued by Terry R. Lorenz.

LEVINE, Justice.

Mercy Hospital appeals from a district court order granting Betty Harmon's Rule 27, N.D.R.Civ.P., petition requesting that the Hospital turn over to Harmon her personnel file. Because Harmon failed to satisfy the requirements for relief under Rule 27, we reverse.

Harmon was employed as a nurse at the Hospital. An employment dispute arose between Harmon and her supervisors and she was placed on probation. Harmon hired an attorney to represent her in the employment dispute and to assist in obtaining her personnel file from the Hospital. Apparently, the Hospital was willing to allow Harmon to review her personnel file by herself, but would not allow Harmon to make a copy of the file or to review it in the presence of her attorney because of Hospital policy and procedure.

Although no legal action had been commenced, Harmon's attorney sent a subpoena to the Hospital demanding Harmon's personnel file. The Hospital did not respond to the subpoena. Harmon moved for a contempt order, but subsequently served the Hospital with documents dismissing the contempt motion and commencing a Rule 27, N.D.R.Civ.P., special proceeding to obtain production of her personnel file. After Harmon petitioned the court for a Rule 27 order, the Hospital terminated her from employment. Following a hearing, the trial court granted Harmon's request and ordered that the Hospital turn over Harmon's personnel file to her. The Hospital has appealed.

Rule 27(a), N.D.R.Civ.P., provides in pertinent part:

"(a) *Before Action.*

"*(1) Petition.* A person who desires to perpetuate testimony regarding any matter may file a verified petition in the district court of the county of the residence of any expected adverse party. The petition must be entitled in the name of the petitioner and show: (i) that the petitioner expects to be a party to an action but is presently unable to bring it or cause it to be brought, (ii) the subject matter of the expected action and the petitioner's interest therein, (iii) the facts the petitioner desires to establish by the proposed testimony and the reasons for desiring to perpetuate it, (iv) the names or a description of the persons the petitioner expects will be adverse parties and their addresses so far as known, and (v) the names and addresses of the persons to be examined and the substance of the testimony the petitioner expects to elicit from each, and shall ask for an order authorizing the petitioner to take the depositions of the persons to be examined named in the petition, for the purpose of perpetuating their testimony.

\* \* \* \* \* \*

"*(3) Order and Examination.* If the court is satisfied that the perpetuation of the testimony may prevent a failure or delay of justice, it shall make an order designating or describing the persons whose depositions may be taken and specifying the subject matter of the examination and whether the depositions shall be taken upon oral examination or written interrogatories. The depositions may then be taken in accordance with these rules; and the court may make orders of the character provided for by

Rules 34 and 35. For the purpose of applying these rules to depositions for perpetuating testimony, each reference therein to the court in which the action is pending shall be deemed to refer to the court in which the petition for such deposition was filed."

Rule 27 allows for the perpetuation of testimony and the preservation of evidence to "prevent a failure or delay of justice." Although this court has not interpreted the provisions of Rule 27, the rule is patterned after Rule 27, F.R.Civ.P., and we therefore may look to interpretations of the federal rule for guidance in construing our rule. *Land Office Co. v. Clapp–Thomssen Co.*, 442 N.W.2d 401, 403 (N.D.1989).

In construing the rule, the federal courts have uniformly recognized that "Rule 27 properly applies only in that special category of cases where it is necessary to prevent testimony from being lost." *Ash v. Cort*, 512 F.2d 909, 911 (3d Cir. 1975). *See, e.g., Petition of Rosario*, 109 F.R.D. 368, 370 (D.Mass.1986); *In re Wolfson*, 453 F.Supp. 1087, 1096 (S.D.N.Y.1978); *Petition of Ferkauf*, 3 F.R.D. 89, 91 (S.D.N.Y.1943). Although most of the cases address perpetuation of testimony through the use of pre-complaint depositions, it is clear that the rule can also be used to obtain pre-complaint production of documents when "the only thing likely to be lost or concealed is a paper or object that should be subject to inspection, etc., under Rule 34...." *Martin v. Reynolds Metals Corporation*, 297 F.2d 49, 56 (9th Cir. 1961). The moving party is required to show "some verification" for a claim that the evidence sought to be preserved will be lost before a complaint could be filed [*Ash v. Cort, supra*, 512 F.2d at 913 n. 16], and conclusory allegations to that effect will not satisfy the rule's verification requirement. *Petition of Rosario, supra*, 109 F.R.D. at 371.

The federal courts have also made it clear that where there is no showing of a substantial danger of loss of the evidence, "a person cannot take advantage of Rule 27 merely for the purpose of obtaining facts on which to base a complaint." 4 Moore's Federal Practice ¶ 27.07[4], at p. 27–29 (1989). *See also* Annotation, *Right to Perpetuation of Testimony under Rule 27 of Federal Rules of Civil Procedure*, 60 A.L.R.Fed. 924, 937–939 (1982). In other words, Rule 27 " 'is not a method of discovery to determine whether a cause of action exists; and, if so, against whom action should be instituted.' " *In re Boland*, 79 F.R.D. 665, 668 (D.D.C.1978) [quoting *Petition of Gurnsey*, 223 F.Supp. 359, 360 (D.D.C.1963) ]. *See also Petition of Gary Construction, Inc.*, 96 F.R.D. 432, 433 (D.Colo.1983). To allow Rule 27 to be used for the purpose of enabling "a person to fish for some ground for bringing suit" would be an " 'abuse of the rule.' " 8 Wright & Miller, *Federal Practice and Procedure: Civil* § 2071, at pp. 332, 333 (1970). [Footnote omitted.] Several state courts, construing statutes and rules similar to Rule 27, have also held that they are not intended as a means of discovery to ascertain facts for use in framing a complaint. *See Worley v. Worley*, 161 Ga.App. 44, 288 S.E.2d 854, 856 (1982); *In re Vermilion Parish School Bd.*, 357 So.2d 1295, 1297–1298 (La.Ct.App.1978); *Sandmann v. Petron*, 404 N.W.2d 800, 802 (Minn.1987).

On appeal, we must determine whether on the facts of this case the trial court abused its discretion in granting Harmon's petition. *Shore v. Acands, Inc.*, 644 F.2d 386, 388 (5th Cir.1981). The only evidence presented by Harmon relating to the requirements of Rule 27 was her affidavit, in which she stated:

"1. That the Petitioner expects to be a party to an action but is presently unable to bring it or cause it to be brought.

"2. That the subject of the expected action is to prevent wrongful termination by Mercy Hospital of Williston, North Dakota.

"3. The personnel file requested is necessary to perpetuate the action, if filed by Mercy Hospital (sic).

"4. Possible adverse parties include Mercy Hospital, Bob Fale, Gloria Marcy, Kathy Wray, and Char Behrman.

"5. An order is requested to require Mercy Hospital to respond to the Rule 45 Subpoena."

Harmon has failed to allege or verify in any manner that the evidence here sought to be preserved is in danger of being lost or altered. Rather, the only evidence in this record pertaining to potential loss of the evidence was submitted by a Hospital official, who stated in an affidavit that

"[t]he personnel file remains in the personnel department of Mercy Hospital and will continue to remain there as part of the permanent records of Mercy Hospital. The record will not be altered, destroyed, or removed and is always available should an appropriate request for the examination of that record be made."

An examination of the hearing transcript reveals that counsel for Harmon misperceived the purpose of Rule 27. Harmon's counsel candidly admitted to the trial court that "we would like to do some discovery prior to filing the action and that's why we have filed this Rule 27 proceeding." It is evident that Harmon sought to do precisely what Rule 27 does not permit.

Harmon did allege, in conclusory fashion and without verification, that she "expects to be a party to an action but is presently unable to bring it or cause it to be brought." We recognize that the prohibition against general pre-complaint discovery under Rule 27 and the possibility of sanctions for violations of Rule 11, N.D.R. Civ.P., may appear somewhat inconsistent. In *In re Boland, supra,* 79 F.R.D. at 667, the petitioner asserted that she was unable to file a complaint because of a lack of knowledge of facts necessary to "prepare a complaint sufficient to withstand motions under Rules 11 and 12 of the Federal Rules of Civil Procedure." The court said:

"Petitioner has suggested that she does not know whether her dismissal was legal or illegal, and that is why she should be granted Rule 27 relief. But there is nothing in the Rule or the cases construing it that would lead to the conclusion that a person may require others to submit to depositions in order that such person may ascertain whether, under law, she has a cause of action." *In re Boland, supra,* 79 F.R.D. at 668 n. 3. In rejecting the petitioner's claim, the court reasoned:

"Under the liberal pleading requirements of the Federal Rules of Civil Procedure a complaint need contain only the most basic grounds upon which the court's jurisdiction is based and a short statement of the claim and the relief sought. Rule 8(a), F.R.Civ.P. Concomitantly liberal discovery rules permit parties to flesh out their respective claims, defenses, and counterclaims, in due course after issue has been joined. Petitioner has not demonstrated that, under these rules, she is unable to frame an adequate complaint." *In re Boland, supra,* 79 F.R.D. at 668. *See also Petitioner of Ferkauf, supra,* 3 F.R.D. at 91 ["under the Federal rules the method of pleading has been so simplified that there are few situations wherein a prospective litigant, who has a meritorious cause of action, would not be in possession of sufficient facts upon which to frame a complaint."]

Likewise, in this case, Harmon has failed to show that, under our liberal pleading rules [*see* Rule 8(a), N.D.R.Civ.P.; *Jablonsky v. Klemm,* 377 N.W.2d 560, 565 (N.D. 1985)], she is unable to frame an adequate complaint. The argument made by Harmon's counsel during the hearing suggests that the only need for the personnel file was for purposes of specificity:

"We want to use the file in order to file the action, *to get the specifics exactly correct,* and they terminated her for requesting the file after this was filed. So we feel that we very likely will be filing a lawsuit. We need that personnel file in order to file it. They won't give it to us. That's why we're here. It's her personnel file we want, not somebody else's; not a fishing expedition.

*"We've got all kinds of grounds and the lawsuit probably will be brought. We want to do it correctly.* We want the file in order to perpetuate the action. That's all she's asking for is her own file and they won't give it to her." [Emphasis added.]

Harmon has not demonstrated that she is unable to frame an adequate complaint. Nor did she provide the trial court with any evidence that a substantial danger exists that her personnel file would be altered or otherwise become unavailable before the complaint could be filed. In these circumstances, we conclude that the trial court abused its discretion in granting Harmon's Rule 27 petition.

Accordingly, the trial court order requiring the Hospital to turn over to Harmon her personnel file is reversed.

ERICKSTAD, C.J., and VANDE WALLE and GIERKE, JJ., concur.

MESCHKE, Justice, dissenting.

Because NDRCivP 27(a) is a *discovery* rule and authorizes pre-complaint discovery, I respectfully dissent.

Rule 27 is positioned in the discovery part of the civil rules of procedure. Rule 27(a)(3) cross-refers to explicit discovery rules: "The depositions may then be taken in accordance with these rules; and the court may make orders of the character provided for by Rules 34 and 35." Rule 26(a) diagrams the range of discovery authorized in this part of the rules:

> *Discovery Methods.* Parties may obtain discovery by one or more of the following methods: depositions ...; production of documents or things or permission to enter upon land or other property ...; physical and mental examinations; and requests for admission.

Discovery is an implicit part of any formal process to gather evidence.

Even before modern civil rules authorized discovery in all cases, discovery was a well developed equity practice. 8 Boone, *Wait's Actions and Defenses*, p. 560 (1894). "The jurisdiction in equity for discovery is ancient and well settled, and originated in the absence of power in courts of law to compel a discovery by their own process...." *Id.* at 560. "A bill of discovery may be maintained to aid the plaintiff in a suit which he intends immediately to bring, as well as in a suit already brought, if the bill discloses a cause of action." *Id.* at 561. *See also* 5 Jones, *Commentaries on the Law of Evidence,* § 2041, p. 3787–88 (Henderson ed. 1926) ("[A] bill of discovery may be filed for the discovery of facts in the knowledge of an adverse party, or of deeds or writings, or other things in his custody and power, and is usually employed to enable the complainant to prosecute or defend an action."); Story, *Commentaries on Equity Pleadings,* § 322, p. 315 (8th ed. 1870) ("Where the bill is brought before any action, it is usual to aver in the bill, that the discovery of the facts is necessary to enable the party to commence his suit right."); Sunderland, *Discovery Before Trial Under the New Federal Rules,* 15 Tenn.L.Rev. 737, 740–41 (1939) ("By a bill for discovery the plaintiff could obtain information upon which it might be possible to frame a complaint in an action not yet commenced."). Harmon's "expected action" was "to prevent wrongful termination" of her employment. The transcript shows that Harmon was terminated by the Hospital before the trial court heard her motion.

The majority opinion correctly recognizes that Rule 27(a) authorizes obtaining pre-complaint production of documents, citing *Martin v. Reynolds Metals Corporation,* 297 F.2d 49 (9th Cir.1961). *Martin* explains that, after the Federal Rules of Civil Procedure were first promulgated in 1938, a clause was added to Rule 27(a) to authorize a court to "make orders of the character provided for by Rules 34 and 35." *Id.* at 56. Today, this needs more explanation. At first, discovery of documents required good cause and a court order. *See* Explanatory Notes to Rule 34, Federal Rules of Civil Procedure. Rule 34 was amended in 1970 to make document production automatic, without a court order "unless the request is objected to." North Dakota Rules of Civil Procedure have also adopted those changes. NDRCivP 27(a) and 34(b).[1]

---

1. Note, also, that NDRCivP 34(c), similarly derived from the Federal Rules of Civil Procedure, explains:

> This rule does not preclude an independent action against a person not a party for pro-

Discovery of documents is now guided by standards of relevancy and lack of privilege, subject to protective orders for unduly burdensome, expensive, or repetitious demands. NDRCivP 26(b)(1). Unexpressed restrictions should not foreclose discovery of relevant, unprivileged documents.[2]

To be sure, the federal decisions followed by the majority generally hold that Rule 27(a) discovery is unavailable for the purpose of framing a complaint. However, "the rule does not in express terms state that it may not be availed of for the sole purpose of framing a complaint." *Petition of Ferkauf,* 3 F.R.D. 89, 90 (S.D.N.Y.1943). This unfavorable federal attitude apparently stems from remarks of one of the members of the Advisory Committee on the Federal Rules at early symposiums on the new rules. *Ferkauf,* 3 F.R.D. at 90. Overlooked has been the fact that members of the Advisory Committee disagreed on that point at the symposiums. Pike and Willis, *Federal Discovery in Operation,* 7 U.Chi. L.Rev. 297, 321 (1939–40). "[T]he most debatable question raised by the Rule [27]: whether the rule may be used for purposes of discovery before the filing of a complaint. In our previous article it was pointed out that the rule itself was not entirely clear and that state courts were not in agreement on the point. Commentators also disagreed." (Footnote omitted). Viewed in the light of the historical development of the Federal Rules of Civil Procedure, the federal decisions refusing discovery to aid in preparation of a complaint seem anomalously hostile to the basic concept of discovery. The unfavorable federal decisions are wrong historically and wrong textually. They should not be followed.

There are a handful of helpful decisions. Two were cited in the Explanatory Note to FRCivP 26 when it was first adopted: *Arizona v. California,* 292 U.S. 341, 54 S.Ct. 735, 78 L.Ed. 1298 (1934), in an opinion by Justice Brandeis, declined, for relevancy

reasons, to allow a deposition to perpetuate testimony, but viewed the process favorably. "No bill to perpetuate testimony has heretofore been filed in this Court; but no reason appears why such a bill may not be entertained in aid of litigation pending in this Court, or *to be begun here.* Bills to perpetuate testimony had been known as an independent branch of equity jurisdiction before the adoption of the Constitution." *Id.* at 347, 54 S.Ct. at 737. (Emphasis added). Another forerunner, *Hall v. Stout,* 4 Del. Chancery 269 (1871), granted a bill to perpetuate testimony even though a separate ejectment action had been commenced against the complainant after filing his bill.

> Bills to perpetuate testimony proceed, not on the ground of imminent risk of loss before a pending suit can reach a trial, but on the ground that the party not being in a situation to bring his title to a trial, his evidence may be lost through lapse of time, a risk affecting all evidence, irrespective of any particular condition of a witness. The right to this relief, therefore, does not depend upon the condition of the witness, but upon the situation of the party, and his power to bring his rights to an immediate investigation.

4 Del. Chancery at 274. These predicates for Rule 27 lean toward a more liberal interpretation than federal courts have given it so far.

Under Rule 27 and equivalent state rules of procedure, several courts have been more open to pre-complaint discovery. In *Petition of Ernst,* 2 F.R.D. 447 (D.C.Cal. 1942), the court granted a petition to perpetuate testimony in anticipation of action by the Commissioner of Internal Revenue to tax certain gifts and trust transfers by a decedent. The court said that lapse of time is replete with hazards and unexpected events, so that a showing, that a petitioner is presently unable to bring the expected action, is sufficient to demonstrate the dan-

---

duction of documents and things and permission to enter upon land.

**2.** Mercy Hospital claimed no privilege. Instead, the Hospital claimed that a vague internal poli-

cy inhibited an employee from obtaining a copy of her personnel file. A private policy should not control court discovery.

ger of the loss of evidence by delay and to satisfy the requirements of Rule 27. *Block v. Superior Court of Los Angeles County,* 219 Cal.App.2d 469, 33 Cal.Rptr. 205, 98 A.L.R.2d 901 (1963) approved a trial court's order of a physical examination of a potential plaintiff at the petition of one who expected to be sued for his injuries. *State v. Taira,* 78 N.M. 276, 430 P.2d 773 (1967) approved a trial court's order allowing the highway commission to conduct before and after surveys to determine adverse effects of construction of viaducts on adjacent property in anticipation of inverse condemnation actions, even though the cause of action had not yet accrued. Disclosure of the surveys was also ordered notwithstanding a claim that they would be "work product" of counsel. These decisions demonstrate that discovery is a proper purpose of Rule 27.

The Minnesota Supreme Court considered a trial court's order that a chiropractor be deposed on behalf of a former patient to obtain information for a statutory certification necessary to file a malpractice complaint. *Sandmann v. Petron,* 404 N.W.2d 800 (Minn.1987). A majority of the Minnesota Supreme Court joined in prohibiting the deposition, largely following federal decisions that Rule 27 is not a discovery device to enable a plaintiff to prepare a proper complaint. Two justices dissented. Justice Yetka's dissenting opinion said that Minnesota's rule 27.01, like the identical federal rule, "is broad enough to permit such a deposition given its command: 'If the court is satisfied that the perpetuation of testimony may *prevent a failure or delay of justice ....*' " (Emphasis by Justice Yetka). His opinion went on to say:

> The majority places too narrow and too conservative an interpretation on this rule. Such barren interpretations of rules promote more uncertainty and litigation rather than less.

404 N.W.2d at 803. I agree with Justice Yetka. Production of evidence expedites justice. Enabling preparation of a complaint surely prevents delay of justice.

The majority opinion in this case sees some inconsistency between prohibiting pre-complaint discovery and NDRCivP 11 sanctions for an unsupported complaint. The majority opinion discounts that inconsistency because the civil rules originally liberalized and simplified pleading. Neglected in this abbreviated analysis is the increased stringency for pleadings imposed by recent amendments to Rule 11. The Federal Rules remodeled Rule 11 in 1980 and North Dakota followed suit in 1986. Rule 11 now sanctions much misconduct in filing pleadings.

The recharged Rule 11 enlarged the range of misconduct by attorneys and their clients in pleadings which carry sanctions. Today, three kinds of submitted papers bring on sanctions: those not "well grounded in fact"; those not "warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law"; and those "interposed for any improper purpose." NDRCivP 11. The rule now requires a "reasonable" prefiling inquiry into the law and the facts. *Id.* Today, the judge *must* impose a sanction for a Rule 11 violation, although the judge still retains discretion in the choice of the sanction. *Id.* The Committee Notes to FRCivP 11 explain that the rule goes beyond mere bad faith. Rule 11 now encompasses objectively unreasonable prefiling inquiries and submissions:

> The new language stresses the need for some prefiling inquiry into both the facts and the law to satisfy the affirmative duty imposed by the rule. The standard is one of reasonableness under the circumstances.... This standard is more stringent than the original good-faith formula and thus it is expected that a greater range of circumstances will trigger its violation....

Committee Notes, FRCivP 11. (Citations omitted). *See also Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.,* 892 F.2d 802 (9th Cir.1989), *cert. granted,* — U.S. —, 110 S.Ct. 3235, 111 L.Ed.2d 746 (1990). I cannot agree with the majority that "Harmon has not demonstrated that she is unable to frame an adequate complaint." If that has ever

been a reason to deny prefiling discovery, it is no longer.

The guiding standard for use of Rule 27 is to "prevent a failure or delay of justice." The trial court concluded that Harmon had made the showings called for by Rule 27(a)(1). I disagree with the majority that the rule requires any specific showing that the evidence "sought to be preserved is in danger of being lost or altered." The rule does not say that. Even if endangerment of the evidence is a factor, I believe that, as *Hall v. Stout* pointed out many years ago, lapse of time itself is a risk affecting all evidence, and that the trial court was free to disbelieve contrary assurances by the hospital. I do not believe that the trial court abused its discretion in ordering the Hospital to give Harmon a copy of her personnel file. Therefore, I respectfully dissent.