626 So.2d 744 (1993)
In re PETITION OF Edmond G. MIRANNE, Jr.
No. 92-CA-840.
Court of Appeal of Louisiana, Fifth Circuit.
October 26, 1993.
Edmond G. Miranne, Jr., in pro. per.
*745 Frederick R. Bott, Mary E. Mouton, Deutsch, Kerrigan & Stiles, New Orleans, for defendants-appellees.
Before BOWES, GRISBAUM and DUFRESNE, JJ.
GRISBAUM, Judge.
This appeal concerns the denial of a petition to perpetuate testimony prior to suit. Defendants moved for a dismissal and sanctions, which were granted. We affirm in part and set aside and vacate in part.
The basic record facts and procedural history will not be presented since they are not relevant to the questions of law at issue.

ISSUES
We are called upon to determine the following:
(1) Did the trial court err, as a matter of law, in dismissing plaintiff's petition for oral deposition under La.Code Civ.P. art. 1429?
(2) Was it appropriate to sanction the plaintiff because he presented a claim not cognizable in court?

ANALYSISISSUE ONE
La.Code Civ.P. art. 1429 provides:
A person who desires to perpetuate his own testimony or that of another person regarding any matter that may be cognizable in any court of this state may file a verified petition in a court in which the anticipated action might be brought. The petition shall be entitled in the name of the petitioner and shall show:
(1) That the petitioner expects to be a party to an action cognizable in a court of this state but is presently unable to bring it or cause it to be brought.
(2) The subject matter of the expected action and his interest therein.
(3) The facts which he desires to establish by the proposed testimony and his reasons for desiring to perpetuate it.
(4) The names or a description of the persons he expects will be adverse parties and their addresses so far as known.
(5) The names and addresses of the persons to be examined and the substance of the testimony which he expects to elicit from each, and shall ask for an order authorizing the petitioner to take the depositions of the persons to be examined named in the petition, for the purpose of perpetuating their testimony.
We are guided by our jurisprudence which provides that, given the similar language of La.Code Civ.P. art. 1429 and Federal Rule 27(a)(1), it is reasonable to look to federal jurisprudence for interpretation. Our state courts agree with the federal courts that such a provision is not to be used for the purpose of fishing for some ground for bringing suit. Instead, its primary purpose is to preserve testimony that might otherwise be lost to a prospective litigant. In re Vermilion Parish School Bd., 357 So.2d 1295, 1297 (La.App. 3d Cir.1978).
We note our Civil Code of Procedure mandates that the petitioner must show he expects to be a party to an action cognizable in a court of this state but is presently unable to bring it or cause it to be brought. Here, the appellant told the trial court that "I've got to find out which parts Mr. O'Bryon [the deponent] may have violated. I've got enough smoke, your Honor; I don't have enough fire to file a lawsuit." It is obvious, from petitioner's own admission, that he wants to depose for the sole purpose of discovering any possible cause of action he may have. Such "fishing expeditions" are not contemplated by our statutory scheme.
Additionally, the petitioner must show facts which he desires to establish and the reasons for perpetuation of testimony. It must appear that the taking of testimony was made necessary by the danger that it might be lost by delay. See Vermilion, supra.
The record shows the information he expects to elicit as follows:
The substance of the testimony petitioner expects to elicit from Kevin O'Bryon and James J. O'Connor is: (i) the confirmation of the facts alleged in the lawsuits; (ii) the res gestate of the circumstances surrounding those facts including related events, acts and declarations by the parties, bystanders and strangers; and (iii) the malice, intent, knowledge and other *746 conditions of mind of the persons to be examined.
We find that item (ii) does not allege any facts but merely resembles an attempt to dredge through a deposition in hopes petitioner finds something actionable. This is precisely for what our statutory scheme is not meant to be used. Importantly, there is no allegation that the taking of the deposition would be made necessary by the danger that it might be lost by delay.
In the final analysis, the requirements of La.Code Civ.P. art. 1429 have not been satisfied.

SANCTIONS
We will now turn to determine whether the imposition of sanctions was proper.
La.Code Civ.P. art. 863 provides:
A. Every pleading of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated. A party who is not represented by an attorney shall sign his pleading and state his address.
B. Pleadings need not be verified or accompanied by affidavit or certificate, except as otherwise provided by law, but the signature of an attorney or party shall constitute a certification by him that he has read the pleading; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact; that it is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.
C. If a pleading is not signed, it shall be stricken unless promptly signed after the omission is called to the attention of the pleader.
D. If, upon motion of any party or upon its own motion, the court determines that a certification has been made in violation of the provisions of this Article, the court shall impose upon the person who made the certification or the represented party, or both, an appropriate sanction which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, including a reasonable attorney's fee.
E. A sanction authorized in Paragraph D shall be imposed only after a hearing at which any party or his counsel may present any evidence or argument relevant to the issue of imposition of the sanction.
F. A sanction authorized in Paragraph D shall not be imposed with respect to an original petition which is filed within sixty days of an applicable prescriptive date and then voluntarily dismissed within ninety days after its filing or on the date of a hearing on the pleading, whichever is earlier.
The appellant asserts that the trial court abused its discretion. We agree.
The trial court's sole reasoning for imposing sanctions was that the petitioner did not present a "cognizable" claim under the law. However, to impose sanctions for frivolous pleadings, the trial court must find that one of the four affirmative duties in La.Code Civ.P. art. 863 has been violated.
Therefore, the threshold question is whether an action which is not "cognizable" violates La.Code Civ.P. art. 863. Black's Law Dictionary (5th ed. 1979) defines cognizable as "Capable of being tried or examined before a designated tribunal; within jurisdiction of court or power given to court to adjudicate controversy."
The definition equates cognizability with justiciability. See Samuel Goldwyn, Inc. v. United Artists Corp., 113 F.2d 703 (3d Cir. 1940), footnote 2 at 707. Cognizability is not encompassed in La.Code Civ.P. art. 863 duties. Instead, it is La.Code Civ.P. art. 1429 which mandates a cognizable action. Thus, the trial court had no legal basis to authorize sanctions under art. 863 for something mandated by art. 1429. The proper remedy was denial of plaintiff's petition and nothing more.
La.Code Civ.P. art. 863 is intended only for exceptional circumstances and is not to be used simply because parties disagree as to the correct resolution of a legal matter. Nothing in art. 863 empowers the district court to impose sanctions on lawyers simply because a particular argument or ground for *747 relief contained in a non-frivolous motion is found to be unjustified. See Loyola v. A Touch of Class Transp. Serv., 580 So.2d 506, 510 (La.App. 4th Cir.1991).
Finally, we note the trial court stated the only action Mr. Miranne had against Mr. O'Bryon was a malpractice claim in tort with a one-year prescriptive period. The trial court recognized that that action had prescribed. However, simply because Mr. Miranne filed a petition regarding an action which has prescribed does not in any way warrant sanctions. La.Code Civ.P. art. 863 was not implemented to inhibit imaginative legal or factual approaches to applicable law nor to unduly harness good faith calls for reconsideration of a settled doctrine. See Loyola, supra, at 510. Art. 863 is a punitive measure created to ensure proper inquiry and investigation into facts and law. This statute was not designed as a method to chill a lawyer from certain avenues of effective representations.
For the reasons assigned, that part of the trial court's judgment dated February 12, 1992 which dismissed the plaintiff's petition for oral deposition is hereby affirmed; that part of the judgment ordering sanctions is hereby set aside and vacated. Each party to this appeal is to bear its respective costs.
AFFIRMED IN PART; SET ASIDE AND VACATED IN PART.