h GOTHARD, Judge.
WRIT GRANTED, JUDGMENT REVERSED.
Relator, Celeste Schmitt seeks review of a district court ruling which ordered her to submit to an independent medical examination, and which granted State Farm Mutual Automobile Insurance Company leave to take the depositions of Ms. Schmitt and any other unnamed witnesses. For the following reasons we reverse that judgment.
State Farm filed this petition for a pre-suit medical examination and depositions, arguing such actions were necessary to fully evaluate the claim made by Ms. Schmitt for damages sustained in an automobile accident with a State Farm policyholder. In effect, State Farm seeks to conduct full discovery before a lawsuit is filed. We find no provision in the law for such a procedure.
LSA-C.C.P. article 1464 provides:
When the mental or physical condition of a party, or of a person in the custody or under the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a physician or to produce for examination the person in his custody or legal control, except as provided by law. In addition, the court may order the party to submit to an examination by a vocational rehabilitation expert who is not a physician, provid *1283 ed the party has given notice of intention to use such an expert. The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.
There has been no lawsuit filed in this matter. Therefore, Ms. Schmitt is not a party and her physical condition is not in controversy. Nor has State Farm shown any good cause why such an examination should be allowed. In the Petition of State Farm Mutual Automobile Insurance Company, et al., 97-1907 (La.App. 4 Cir. 10/7/97), 700 So.2d 1323. The trial court erred in ordering Ms. Schmitt to submit to the medical examination.
RWe also find the trial court erred in granting leave to take the pre-suit depositions of Ms. Schmitt and any other witnesses. LSA-C.C.P. article 1429 provides:
A person who desires to perpetuate his own testimony or that of another person regarding any matter that may be cognizable in any court of this state may file a verified petition in a court in which the anticipated action might be brought. The petition shall be entitled in the name of the petitioner and shall show:
(1) That the petitioner expects to be a party to an action cognizable in a court of this state but is presently unable to bring it or cause it to be brought.
(2) The subject matter of the expected action and his interest therein.
(3) The facts which he desires to establish by the proposed testimony and his reasons for desiring to perpetuate it.
(4) The names or a description of the persons he expects will be adverse parties and their addresses so far as known.
(5) The names and addresses of the persons to be examined and the substance of the testimony which he expects to elicit from each, and shall ask for an order authorizing the petitioner to take the depositions of the persons to be examined named in the petition, for the purpose of perpetuating their testimony.
The primary purpose of the above article is to preserve testimony that might otherwise be lost to a prospective litigant. Petition of Miranne, 626 So.2d 744 (La.App. 5 Cir.1993). The only reason given for State Farm’s request to depose all witnesses in this case is that time may cloud their memories. Such is true of all things. We do not find that argument compelling, or in keeping with the intent of the Code of Civil Procedure.