JJDUFRESNE, Judge.
This is an appeal by Velma Cochennic, a workers’ compensation claimant, from an adverse judgment in a dispute over the amount of penalties owed her by her employer, Dillard’s Department Stores. The employer previously had been found liable for penalties because it had not reasonably controverted the original claim. The parties could not agree upon the proper amount of these penalties, and sought resolution of the problem before the workers’ compensation judge. The judge ruled that Dillard’s computation of the penalties was correct because it used the statute in effect at the time the claimant suffered her injury, while claimant’s calculation was erroneous because based upon a subsequent amendment of the statute. He further cast claimant for attorney fees of $2,500.00. For the following reasons we vacate the award of attorney fees, but otherwise affirm'the judgment.
Claimant was injured on September 21, 1991, and sought workers’ compensation benefits. Her employer contested this claim, but it was ^eventually determined in an opinion of this court that claimant was entitled to benefits, and that her claim had not been reasonably controverted by the employer thus triggering the penalty provisions of La. R.S. 23:1201. On' March 15, 1996, our supreme court denied writs, and the judgment became final two weeks later. On April 1,1996, the employer began making regular compensation payments and continues to do so.
*470 As to penalties, claimant’s attorney agreed that she would not seek additional penalties for failure of the employer to pay the final judgment within 30 days, as provided in La. R.S. 23:1201(G)(formerly F). It was apparently believed by both attorneys that an agreement as to the amount owing could soon be reached, although not necessarily within the 30 days provided in the statute. For reasons not clear in the record, claimant’s counsel did not provide his figures (totaling $48,507.42) to opposing counsel until September 19, 1996, almost six months after finality of the judgment. The employer’s counsel responded with his own calculations (totaling $42,206.52) on October 2, 1996, leaving a discrepancy of some $6,300.00. The parties agreed that attorney fees of $4,500.00, and some $31,000.00, in back benefits were owed, but arrived at different amounts as to penalties and judicial interest. Negotiations continued for several more months and a mediation conference was eventually scheduled for April 3, 1997. Two weeks prior to the mediation, the employer paid $31,202.56, in back benefits.
At the mediation, claimant’s counsel presented an entirely new figure for penalties based on the 1995 amendments to La. R.S. 23:1201(F). That paragraph had been designated as “E” in the version of the statute in effect at the time of claimant’s injury, and had provided for a flat 12% penalty on [sail unpaid back benefits. This was the version used by the employer in making its calculations. The 1995 revision provides, to the contrary, a 12% daily penalty, resulting in a much larger cumulative amount than the flat rate, and in this case totaling over four million dollars. This was the version used by claimant’s attorney. Because of the enormous difference in the amount offered and the amount claimed, the mediator determined that he could not propose a settle-, ment. A week later, the employer paid the undisputed $4,500.00 in attorney fees, and another $6,505.40 in penalties and interest, and the matter proceeded to a hearing before the workers’ compensation judge on the issue of penalties.
Claimant urged two issues at this hearing. First, he acknowledged that generally workers’ compensation statutes • in effect at the time of an injury are applicable to all subsequent’legal proceedings growing out of that injury. He argued, however, that the 1995 revision of 12% penalty provision should be-given retroactive effect'because it could well be construed as a clarification of the previous statute rather than a substantive amendment to it. Second, he urged that the agreement to forego post final judgment penalties of 24% for failure to pay within 30 days -should not be enforced because to do so would be against public policy. He argued alternatively that the agreement should have been deemed terminated on October 2, 1996, because as of that date the employer effectively admitted an undisputed indebtedness of over $42,000.00, but failed to pay any of that amount until months later.
The workers’ compensation judge rejected the first claim, ruling that the 1995 amendment making the penalty rate 12% per day, rather than a flat 12%, was a substantive law. that could not be applied retroactively, |4citing Freeman v. Poulan/Weed Eater, 93-1530 (La.1/14/94), 630 So.2d 733. As to the second claim, he concluded that a valid agreement existed in regal’d to these additional penalties and that there was no public policy which precluded such an agreement. He also awarded the employer attorney fees of $2,500.00. Claimant now appeals.
Claimant urges here the same two issues which he argued to the workers’ compensation judge, and also contests the award of attorney fees. As to the applicable 12% penalty clause, the law is settled that-substantive laws cannot be given retroactive effect without implicating the due process and contract clauses of the United States and Louisiana Constitutions, Burmaster v. Gravity Drainage Dist. No. 2, 366 So.2d 1381 (La.1978). In the present matter, the change from a penalty of a flat 12% to one of 12% per day is clearly a substantive one, and the amendment thus can only be given prospective application. We therefore affirm the judgment as to this issue.
The next issue is whether public policy precludes the parties from agreeing that penalties for failure to pay a final judgment within 30 days will not be sought. Claimant *471 cites no law or jurisprudence to support this contention and we know of none. We thus affirm this portion of the judgment.
In this same regard, claimant’s counsel does not dispute that he agreed not to seek additional penalties after the judgment was final. He argues, however, that when the employer admitted an indebtedness of over $42,000.00 in its October 2, 1996, correspondence, but failed to tender that amount, the agreement was terminated. Contained in this argument is also the proposition that the post-judgment penalty, if owing, |5should be calculated at the 1995 amendment rate of 24% daily, as per La. R.S. 23:1201(G). This would be so because unlike the 12% penalty, which related to the employer’s pre-1995 actions in failing to pay the claim initially, the post-judgment penalty here would be owing for actions taken after the amendment took effect, see Manuel v. La. Sheriff's Risk Management Fund, 95-0406 (La.11/27/95), 664 So.2d 81.
The hearing judge implicitly found that the agreement was a continuing one as long as the dispute existed. There is nothing in the record to show, and neither does claimant’s counsel contend, that he ever notified opposing counsel that the agreement would be ended if payment of the undisputed portion were not immediately made after the October 2, letter. Moreover, while there was an ongoing dispute between counsel as to the exact amount of judicial interest owing on the entire claim, there was no disagreement that such interest was owed and continued to run on the unpaid judgment. Several days after the judgment on appeal here was entered, the employer paid an additional $6,700.00 in judicial interest, even though the judgment was silent on this point.
Because the continued existence of the agreement depended upon factual issues which the judge resolved in favor of the employer, we are precluded from setting those facts aside absent manifest error. As shown above, the factual finding that the agreement did continue was based on a reasonable view of the evidence, and we therefore may not set that finding aside.
Claimant’s final argument concerns the award of attorney fees. The only law upon which this award could possibly have been based is La.Code Civ. Pro., Art. 863, which provides pertinently that attorney fees ma^Jjjbe awarded to an adverse party when a pleading is determined not to be warranted by existing law or a good faith argument for the extension, reversal or modification of existing law. In this court’s opinion, workers’ compensation judges lack jurisdiction to award attorney fees based on this article. The grant of jurisdiction to these judges is found at La. R.S. 23:1310.3(E), as follows:
Except as otherwise provided by R.S. 23:1101(D) and 1378(E), the workers’ compensation judge shall be vested with original, exclusive jurisdiction over all claims or disputes arising out of this Chapter, including, but not limited to workers’ compensation insurance coverage disputes, employer demands for x’ecovery for overpayment of benefits, the determination and recognition of employer credits as provided for in this Chapter, and cross claims between employers or workers’ compensation insurers for indemnification or contribution.
Nowhere in the workers’ compensation laws is any provision to be found authorizing an award of attorney fees for conduct which would come under the strictures of La.Code Civ. Pro., Art 863. The only statute addressing such situations is La. R.S. 23:1310.9, which provides that when a claimant brings proceedings which are not “based on a reasonable ground,” “the judge shall assess the total cost of the proceedings to the party who has brought them.” Thus, the one statute within the workers’ compensation laws that would be expected to contain a provision for an award of attorney fees for bringing an unfounded claim is notably lacking in such a provision. Lacking any other statutory basis, we can only conclude that the award of attorney fees in the present case was made without jurisdiction to do so, and we must therefore set aside that award as an absolute nullity.
However, even if, arguendo, such jurisdiction did exist, we would still set aside this award. Article 863, has generally been *472 held to be applicable only in exceptional circumstances, and not to be used to inhibit imaginative ^approaches to legal questions, Petition of Miranne, 626 So.2d 744 (La.App. 5th Cir.1993). In the present matter, although claimant did not ultimately prevail, her counsel raised legitimate legal issues as to retroactive application of the amended statute providing for a 12% daily penalty rate. He also made reasonable factual and legal arguments as to termination of the agreement not to seek post-judgment penalties upon the employer’s failure to tender undisputed amounts. Considering these factors, we find no basis for the judge having imposed attorney fees in this matter, even were he empowered to do so.
For the foregoing reasons, the judgment of the workers compensation judge is amended to vacate the award of attorney fees. In all other respects, that judgment is affirmed.

AMENDED AND AFFIRMED AS AMENDED.